# FEDERAL TRADE COMMISSION *v.* RALADAM COMPANY.

No. 826.   Argued April 13, 1942.—Decided April 27, 1942.

*Mr. Robert L. Stern,* with whom *Solicitor General Fahy, Assistant Attorney General Arnold,* and *Mr. Charles H. Weston* were on the brief, for petitioner.

*Mr. Rockwell T. Gust,* with whom *Mr. David A. Howell* was on the brief, for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

The Circuit Court of Appeals set aside a cease and desist order of the Federal Trade Commission upon the ground that certain findings were not supported by evidence.   123 F. 2d 34.   The refusal of the court to enforce the Commission's order rested in part upon an interpreta-

tion of this Court's decision in a prior controversy between the same parties. *Federal Trade Comm'n* v. *Raladam Co.*, 283 U. S. 643. Because of the importance of questions raised, we granted certiorari.

Section 5 of the Federal Trade Commission Act, 38 Stat. 719, 15 U. S. C. § 45, declares unfair methods of competition in commerce to be unlawful; empowers the Commission to prevent such methods; and authorizes the Commission after hearings and findings of fact to issue orders requiring violators "to cease and desist from using such method of competition." In 1929, the Commission, after hearings, found that the Raladam Company had used unfair methods of competition in selling a preparation called Marmola by making misleading and deceptive statements concerning its qualities as a remedy for overweight. The Commission issued a cease and desist order, which the Circuit Court of Appeals vacated. 42 F. 2d 430. This Court affirmed the Court of Appeals' judgment, saying that there was "neither finding nor evidence from which the conclusion legitimately can be drawn that these advertisements substantially injured or tended . . . to injure the business of any competitor or of competitors generally, whether legitimate or not. . . . It is impossible to say whether, as a result of respondent's advertisements, any business was diverted, or was likely to be diverted, from others engaged in like trade, or whether competitors, identified or unidentified, were injured in their business, or were likely to be injured, or, indeed, whether any other anti-obesity remedies were sold or offered for sale in competition, or were of such a character as naturally to come into any real competition, with respondent's preparation in the interstate market." *Federal Trade Comm'n* v. *Raladam Co., supra*, 652–653. It is clear that the reasons for refusing to enforce the Commission's order are grounded upon the inadequacy of the findings and proof, as revealed in the particular record

then before this Court. Hence, these reasons are not controlling in this case, arising, as it does, out of different proceedings and presenting different facts and a different record for our consideration.

In 1935, the Commission instituted the present proceedings against Raladam, charging unfair methods of competition in violation of § 5 of the Federal Trade Commission Act. Hearings were held and much evidence was heard concerning Raladam's trade methods since the date of the earlier cease and desist order. This time the Commission found with meticulous particularity that Raladam had made many misleading and deceptive statements to further sales of Marmola; that Marmola had many active rivals for the trade of those who were interested in fat-reducing remedies; that Raladam's misleading statements had the "tendency and capacity" to induce people "to purchase and use respondent's . . . preparation or medicine for reducing purposes . . . in preference to and to the exclusion of the products of competitors, . . . and to divert trade to respondent from such competitors engaged in the sale in interstate commerce of medicines, preparations, systems, methods, books of instruction, and other articles and means designed, intended and used for the purpose of reducing weight."

These findings were an adequate basis for the Commission's order. The court below, however, was of the opinion that there was no substantial evidence to support the finding that the alleged unfair methods "substantially injured or tended to injure the business of any competitor." The evidence shows that sales of Marmola to the consuming public are made at retail drug stores throughout the country; that Raladam distributes Marmola both to wholesalers and retailers; that the wholesalers and retailers who sell Marmola also sell numerous other remedies for taking off fat; that the essential fat-reducing element in Marmola is desiccated thyroid, which is also an

element in some of the other remedies sold to the public with or without doctors' prescriptions; that many books of instruction on methods of reducing weight are sold in interstate commerce; and that the gross sales of Marmola were from $350,000 to $400,000 a year. From this and other evidence, the Commission concluded that numerous antifat remedies were offered for sale in the same market as Marmola, and that Marmola was in active competition with them for the favor of the remedy-purchasing public.

It is not necessary that the evidence show specifically that losses to any particular trader or traders arise from Raladam's success in capturing part of the market. One of the objects of the Act creating the Federal Trade Commission was to prevent potential injury by stopping unfair methods of competition in their incipiency. *Fashion Guild* v. *Trade Comm'n,* 312 U. S. 457, 466. And when the Commission finds, as it did here, that misleading and deceptive statements were made with reference to the quality of merchandise in active competition with other merchandise, it is also authorized to infer that trade will be diverted from competitors who do not engage in such "unfair methods." *Federal Trade Comm'n* v. *Winsted Co.,* 258 U. S. 483, 493. The findings of the Commission in this case should have been sustained against the attack made upon them.

Raladam contends here, as it did before the Commission and the Circuit Court of Appeals, that the judgment of this Court in the first case makes the issues here in controversy *res judicata,* and therefore bars these proceedings. It also contends that the denial by this Court and the Circuit Court of Appeals in the earlier proceedings, of the Commission's motion to offer additional evidence with respect to competitors and injury to competition, should have a like effect. We think these contentions are without merit, and therefore agree with the court below in

its determination that a decision on the merits was appropriate.

The respondent has not sought in this Court to sustain the judgment of the court below on any other ground. Accordingly, the judgment is reversed with directions that the order of the Federal Trade Commission be affirmed.

*Reversed.*