## HERZFELD et al. v. FEDERAL TRADE COMMISSION.

### No. 151.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1944.

Ira M. Belfer, of New York City, for petitioner.

Eugene W. Burr, of Washington, D. C., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This case comes before us on a petition to review that part of an order of the Federal Trade Commission which forbade petitioners to use the word, "Mills," as part of their title, or otherwise to represent that they manufactured the rugs which they sold. The only questions are whether the evidence was sufficient to justify the Commission's action, and whether the remedy provided was within its powers. The case was tried upon a stipulation of facts, which, so far as relevant to the appeal before us were as follows. The petitioners do business under the title "Stephen Rug Mills"; for nine years or more they had been engaged in the business of importing, distributing and selling cheap rugs to wholesale and retail dealers; they do not sell directly to customers. Before April, 1940, they controlled mills in Europe which manufactured rugs for them according to their designs, whose size, quantity and quality they determined, the whole output of the mills being made expressly for them. Since June, 1940, they have similarly controlled a rug mill in the United States: that is to say, they purchase and pay for all the raw material, which is made up only for them and upon their order; and they determine the size, color, weight, quality, and quantity of the rugs. They have a mortgage on much, if not all, of the property of the mill, and lease the premises on which it is situated; they own a majority of the shares, and one of them is a director of a company which we assume to be identical with this mill. Since November, 1940, they have operated and controlled about twenty-two rug mills in.China in the same way that they operate and control the mill just mentioned.

In all their sales they use their title, "Stephen Rug Mills," accompanied by a legend, in substantially smaller letters: "Importers and Wholesalers of Floor Coverings." The Commission polled a number of retail rug dealers taken at random from classified directories, and ascertained that a substantial portion of them prefer to purchase from manufacturers rather than from wholesalers; and that somewhat more than one fifth of them would assume from the petitioners' title and legend that they are not exclusively importers and wholesalers. The Commission found, among other matters, that the title and legend had a tendency to mislead a substantial number of dealers and members of the purchasing public by making them think that the petitioners were manufacturers of rugs; and particularly by placing in the hands of retail dealers a means by which "such dealers may be enabled to mislead and deceive a substantial portion of the purchasing public." Based upon this finding, it entered the order absolutely forbidding the use of the word, "Mills," in the title.

Obviously the stipulation justified the Commission in finding that a substantial number of retailers were misled by the title, even with the legend added; and the Commission was also right in finding that the title gave an opportunity to retailers to represent to buyers that the petitioners manufactured rugs, and so to make the buyers believe that they were not paying a middleman's profit. On the other hand, the stipulation did not say that any retailers had ever in fact so deceived any buyers, nor was it certain that they would do so. However, such a finding was not essential for some measure of relief, provided that there is a fair probability that the ultimate consumer would be deceived. Federal Trade Commission v. Winsted Hosiery Co., 258 U.S. 483, 494, 42 S.Ct. 384, 66 L.Ed. 729; Federal Trade Commission v. Raladam Co., 316 U.S. 149, 152, 62 S.Ct. 966, 86 L.Ed. 1336; Federal Trade Commission v. Balme, 2 Cir., 23 F.2d 615; Brown Fence & Wire Co. v. Federal Trade Commission, 6 Cir., 64 F.2d 934, 936; Pep Boys-Manny, Moe & Jack, Inc., v. Federal Trade Commission, 3 Cir., 122 F.2d 158, 161; Bockenstette v. Federal Trade Commission, 10 Cir., 134 F.2d 369. It does not follow that the relief granted should extend to an entire suppression of the word, "Mills"; and, if we thought ourselves free to control the remedy, we might be satisfied to modify the order by merely adding some such suffix as the Supreme Court thought adequate in Federal Trade Commission v. Royal Milling Co., 288 U.S. 212, 218, 53

S.Ct. 335, 77 L.Ed. 706; and as we imposed in Bear Mill Mfg. Co. v. Federal Trade Commission, 2 Cir., 98 F.2d 67. Assuming that the distinction taken by the Court of Appeals of the District of Columbia in Federal Trade Commission v. Army & Navy Trading Co., 66 App.D.C. 394, 88 F.2d 776, is valid, it would not apply to the situation here; the petitioners are near enough to being manufacturers to justify their use of the title as it stands, provided all chance of deception were removed.

■ However, since Federal Trade Commission v. Royal Milling Co., supra, 288 U.S. 212, 53 S.Ct. 335, 77 L.Ed. 706, was decided, the Supreme Court has as much circumscribed our powers to review the decisions of administrative tribunals in point of remedy, as they have always been circumscribed in the review of facts. Such tribunals possess competence in their special fields which forbids us to disturb the measure of relief which they think necessary. In striking that balance between the conflicting interests involved which the remedy measures, they are for all practical purposes supreme. International Ass'n of Machinists v. National Labor Relations Board, 311 U.S. 72, 82, 61 S.Ct. 83, 85 L.Ed. 50; Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 198-200, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217; Virginia Electric & Power Co. v. National Labor Relations Board, 319 U.S. 533, 541-543, 63 S.Ct. 1214, 88 L.Ed. 1568; Williams Motor Co. v. National Labor Relations Board, 8 Cir., 128 F.2d 960, 965. It is true that all these decisions concerned the Labor Board, but that tribunal does not enjoy a position of peculiar authority, as the court has indicated in other connections. Gray v. Powell, 314 U.S. 402, 412, 413, 62 S.Ct. 326, 86 L.Ed. 301; Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239; Commissioner v. Heininger, 320 U.S. 467, 64 S.Ct. 249. In controversies about trade-marks, and particularly about trade-names and make-up, the question is almost always one of degree: i.e., how far the chance of deception outweighs the inconvenience, or worse, to the merchant inevitable in compelling him to change his mark, his name, or his package. The decree marks the compromise which the court thinks adequate and necessary; it is the resultant of those unexpressed determinants which collectively we conceal under the term, "discretion." We do not forget that from time immemorial this duty has been entrusted to courts, but that is irrelevant. Congress having now created an organ endued with the skill which comes of long experience and penetrating study, its conclusions inevitably supersede those of courts, which are not similarly endowed.

Order affirmed.