**PERLOFF et al. v. FEDERAL TRADE COMMISSION.**

**No. 8466.**

Circuit Court of Appeals, Third Circuit.

Argued Nov. 10, 1944.

Decided Feb. 23, 1945.

As Amended March 2, 1945.

Everett Sanders, of Washington, D. C. (Edward F. Howrey, L. A. Gravelle, and Douglas Whitlock, all of Washington, D. C., on the brief), for petitioners.

Donovan R. Divet, of Washington, D. C. (W. T. Kelley, Chief Counsel, Federal Trade Commission, and Joseph J. Smith, Jr., Asst. Chief Counsel, both of Washington, D. C., on the brief), for respondent.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and KIRKPATRICK, District Judge.

McLAUGHLIN, Circuit Judge.

This matter concerns a petition to review and set aside a cease and desist order of the Federal Trade Commission which prohibits the petitioners from using any trade name containing the word "Packing" in connection with products not packed by them.

The petitioners are wholesale grocers, with their principal office in Philadelphia, Pennsylvania and three branches in Chester, Wilkes-Barre and Shenandoah, all in Pennsylvania. They sell only to retailers and not to consumers direct. They have been engaged in the wholesale business of canned foods in commerce since 1922. Three to three and one-half per cent of their business is interstate. They themselves, pack and distribute certain dried food. They do not own or operate any canneries. Their practice on canned foods is to purchase such products from canners. Labels for the goods are furnished the canners by the petitioners and affixed to the containers for the goods by the canners. On some of those labels, petitioners use

the name "Atlantic Packing Company, Distributors."

The Commission found that name to be erroneous and misleading as applied to those items which the petitioners do not pack, as the word "Packing" in the name constitutes a representation that such items are packed by petitioners. It also found that there is a preference on the part of a substantial number of dealers for dealing with packers direct, rather than with concerns which do not pack their products but are merely distributors. Further, that the use of the name has the tendency and capacity to mislead and deceive a substantial number of dealers with respect to petitioners' business status and the origin of petitioners' products, and the tendency and capacity to cause such dealers to purchase petitioners' products as the result of the erroneous and mistaken belief so engendered. In consequence thereof, that substantial trade has been diverted unfairly to the petitioners from their competitors, among whom are those who do not misrepresent their business status or the origin of their products. As a result, the Commission concluded that:

"The acts and practices of the respondents [petitioners here] as herein found are all to the prejudice of the public and of respondents' competitors and constitute unfair methods of competition in commerce and unfair and deceptive acts and practices in commerce within the intent and meaning of the Federal Trade Commission Act." 15 U.S.C.A. § 41 et seq.

A total of ten witnesses testified at the Commission hearing. Three of these were connected with the petitioners. There were three consumer witnesses; all of them housewives. The other four were wholesale grocers. One of the consumers, Mrs. Freda Bruck, thought the label "Atlantic Packing Company" was "the company that packs and distributes." She would prefer to buy direct from packers if that could be done, because it is cheaper. The next housewife thought the label "would come right from the packing house. "The last consumer witness understood" * * * that they [Atlantic] packed them and distributed them." She said, "I should think that if they packed them that I might * * * [word does not appear in record] them reasonably. I don't know. Of course I have to go where I can get them cheaper. I try to go when I can get something reason-ably." Both this witness and Mrs. Freda Bruck, on cross examination, said that they expected to pay retail prices in retail stores.

The first wholesaler witness on being shown one of the labels in question, thought at first, that "Atlantic" was the packer; then, seeing the word "Distributors," said that "Atlantic" was the distributor, not the packer. He thought the public would be deceived by the label. The second wholesaler, shown the label, stated he "would say that Atlantic was the distributor, not the packer." He did not think the public would understand the label. The third wholesaler, from the label, assumed that "Atlantic" was the packer, or packer and distributor. The last such witness preferred to buy from packers, as having more responsibility than "* * * the dealer from whom you buy it second hand." Examining one of the labels he said that from the word "Distributors" he would assume that "Atlantic" had not packed the goods.

Copies of three of the labels in evidence are printed in the record. In all three, the name "Atlantic Packing Company" is on a line by itself and in larger type than the word "Distributors" which appears beneath it. There is testimony by Earl Perloff, one of the petitioners, that they now put the word "Distributors" in as large type as "Atlantic Packing Company."

■ As seen, all three consumer witnesses and two of the four wholesalers affirmatively support the Commission's finding that the name "Atlantic Packing Company" is erroneous and misleading as applied to those items which the petitioners do not pack. In addition, the labels speak for themselves. As used, it can be reasonably implied that the particular goods so labeled have been at least packed by the company. This is not negatived by the word "Distributors" on the line below, whether the latter word is in the same or in smaller type than the name of the company. Packing and distributing are two different, but not inconsistent activities. The business of the petitioners themselves shows that a concern may engage in either or in both. The characterization of a "Packing" company as a distributor is not a representation that it is not a packer. This is again indicated by the practice of the petitioners who both pack and distribute certain dried foods which carry the same type of label as the canned or bottled goods not packed by the petitioners.

■ The petitioners urge that the label is in accord with the pertinent Federal Food and Drug Act regulation.[1] There is no evidence in the record of approval of the label by any authority whatsoever under the Food and Drug Act. From a reading of Regulations (a) and (d) under Section 343, it is most questionable that the label legend is a proper one under that Act. Regulation (a), quoted in the footnote, provides that where the food is not manufactured by the person whose name appears on the label, the name shall be qualified by a phrase which reveals the connection such person had with such food, such as "Manufactured for and packed by * * *," "Distributed by . . .," or other similar phrase which expresses the facts; and (d) expressly states that the requirement that the label shall contain the name and place of business of the manufacturer, packer or distributor shall not be considered to relieve any food from the requirement that its label shall not be misleading in any particular. However, since compliance with the Food and Drug Act is not an issue in this appeal, it is sufficient to say that there is no conflict on the instant facts between that Act and the decision of the Federal Trade Commission.

■ It is contended on behalf of the petitioners that diversion of commerce to the petitioners from other competitors was not proved. That the petitioners had competition, was testified to by Earl Perloff, one of the petitioners; but there was no affirmative testimony that competitors were injured. We do not see that the latter is material under the Fair Trade Act. The jurisdiction of the Commission in cases of unfair trading is recognized, regardless of whether it is the public in general, or a particular class of competitors, whose interest demands the suppression of the practice complained of. Pep Boys—Manny, Moe & Jack, v. Federal Trade Commission,

3 Cir., 122 F.2d 158. In Federal Trade Commission v. Artloom Corporation, 3 Cir., 69 F.2d 36, this Court said at page 38:

"The premise of misbranding being supported by the Commission's findings, the conclusion follows that, when the respondent sold its misbranded rugs in commerce, it thereby harmed its competitors and deluded the ultimate consumers."

See also Federal Trade Commission v. Raladam Co., 316 U.S. 149, 62 S.Ct. 966, 86 L.Ed. 1336.

■ It is also asserted that the allegation in the complaint that the petitioners deceived the public into thinking the product was packed by the "Atlantic Packing Company" and, therefore, was (a) more uniform in quality and (b) cheaper in price, was not proved. The petitioners stress the proposition that no actual purchaser of "Atlantic" products testified as to being deceived, but it is enough that the name has both the capacity and tendency so to do. Jacob Siegel Company v. Federal Trade Commission, 3 Cir., 150 F.2d 751. The evidence shows that all of the consumer witnesses and one of the four wholesalers testifying, thought the label meant that the goods had been packed by, or both packed and distributed by, "Atlantic." Another of the wholesalers was of that opinion when he first saw the label. Two of the dealers thought that the public would be deceived or would not understand the labels. While there was no affirmative evidence as to packers' goods being more uniform in quality, Ruskin, one of the wholesale grocers, did say that he preferred obtaining foods from packers, as more responsible, than buying from dealers second hand. There was an indication for preference of packers' goods because they were cheaper, from the evidence of two of the consumers. It is true that no retailers testified; but with consumers being deceived, it follows that

---

[1] Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 343 reads:

"A food shall be deemed to be misbranded * * * (e) If in package form unless it bears a label containing (1) the name and place of business of the manufacturer, packer, or distributor; * * *."

Regulation (a) under this Section, 21 C.F.R.Cum.Sup. 2.8 reads:

"Where a food is not manufactured by the person whose name appears on the label, the name shall be qualified by a phrase which reveals the connection,

such person has with such food, such as 'Manufactured for and Packed by ......,' 'Distributed by ......,' or other similar phrase which expresses the facts."

Regulation (d) under the same Section, 21 C.F.R.Cum.Sup. 2.8 reads:

"The requirement that the label shall contain the name and place of business of the manufacturer, packer, or distributor shall not be considered to relieve any food from the requirement that its label shall not be misleading in any particular."

in supplying retailers with such labeled goods, the retailers were furnished with the opportunity of misleading the public into thinking that they were obtaining packers' products. It is to be remembered that the public was and is the ultimate purchaser of the goods.

Petitioners insist that the alleged qualifying word "Distributors" takes care of the situation here presented and cite Federal Trade Commission v. Royal Milling Co., 288 U.S. 212, 53 S.Ct. 335, 77 L.Ed. 706; N. Fluegelman & Co., Inc. v. Federal Trade Commission, 2 Cir., 37 F.2d 59 and Sheffield Silver Co. v. Federal Trade Commission, 2 Cir., 98 F.2d 676. As to this, the Commission said in its finding:

"It is urged by respondents that the use of the word 'Distributors' in connection with the trade name on the labels is sufficient to apprise prospective purchasers of the fact that respondents are merely distributors rather than packers of the canned goods, and that the use of this word corrects any erroneous impression which might otherwise be conveyed through the use of the trade name. The Commission is of the opinion, however, that this position is not well taken, as prospective purchasers could reasonably conclude that respondents are both the packers and the distributors of the products. Moreover, as the same words appear on the labels for both the dry commodities which are packed by respondents and the canned goods which are not packed by them, it is impossible for the prospective purchaser to determine from the label whether the particular item is packed by respondents or merely distributed by them."

Since the Royal Milling case [supra] the Supreme Court has indicated in a number of decisions, involving principally labor board and tax cases, that in the absence of abuse of discretion, the matter of remedy is for the administrative agency. Medo Photo Supply Corporation v. National Labor Relations Board, 321 U.S. 678, 64 S.Ct. 830, and cases there cited. The Second Circuit has followed this in a series of Fair Trade cases since the Fluegelman and Sheffield decisions and starting with Herzfeld v. Federal Trade Commission, 140 F.2d 207. To the same effect, Jacob Siegel Company v. Federal Trade Commission [supra] in this Circuit and American Power & Light Co. v. Securities and Exchange Commission, 141 F.2d 606 in the First Circuit.

The Commission, in holding that the word "Distributors" does not correct any wrong impression which might otherwise be conveyed through the use of "Atlantic Packing Company," clearly did not abuse its discretion. There is ample support in the evidence for its decision that the name "Atlantic Packing Company, Distributors" is erroneous and misleading as applied to those items which the petitioner does not pack. The order of the Commission is affirmed.