### GRANDVIEW DAIRY, Inc., v. JONES, War Food Administrator, et al.

#### Civ. No. 3884.

District Court, E. D. New York.

June 11, 1945.

Harry L. Marcus, of Brooklyn, N. Y. (Herbert L. Maltinsky, of Brooklyn, N. Y., of counsel), for plaintiff.

Miles F. McDonald, U. S. Atty., and Morris K. Siegel, Asst. U. S. Atty., both of Brooklyn, N. Y., Leonard O. Carson, Regional Atty., United States Department of Agriculture, of Philadelphia, Pa., and A. T. Radigan, Atty., United States Department of Agriculture, of Washington, D. C., for defendants.

Alger, Peck, Andrew & Rohlfs, of New York City (Arthur J. Peck and L. F. X. Cotignola, both of New York City, of counsel), amici curiae for Sheffield Farms Co., Inc., and Purity Creamery Products, Inc.

MOSCOWITZ, District Judge.

The action is brought pursuant to the provisions of Section 8c(15) (A) and (B) of the Agricultural Marketing Agreement Act of 1937, as amended, 50 Stat. 246, 7 U. S.C.A. § 601 et seq., to review administrative determinations made as hereinafter set forth. Jurisdiction is not disputed and both sides move for summary judgment.

Pursuant to the terms of the Act, Milk Marketing Order No. 27 was issued. Section 927.7(f) of this Order provides for an allowance or service payment to be made to handlers of milk where it is received from producers in one plant, being a receiving station which does no manufacturing whatever, and is diverted from there and the fluid market to another plant for processing, which latter plant receives no milk directly from producers and operates independently of the receiving station. Plaintiff has two plants at Webster's Crossing, approximately fifty feet apart, connected by a sanitary pipe line, and claims to be entitled to this diversion payment.

Plaintiff's claim for service payments based upon its diversion in June, 1940, of milk received in its plant No. 1 to manufacturing in plant No. 2 were disallowed by the Market Administrator, whereupon administrative proceedings to review his determination were instituted and carried through the entire stage, resulting in a reversal and a direction by the Assistant Secretary of Agriculture that the claim for the month of June should be paid. This was done and the claim for the month of July, 1940, was voluntarily paid thereafter. This action is to review the disallowance at each stage of the administrative proceedings of similar claims for the months of August, 1940, through February, 1941.

Plaintiff makes three contentions: (1) that the findings of fact and recommendations of the Presiding Officer and of the Assistant to the War Food Administrator were contrary to law, portions of the record being cited which differ from the findings made by these officers; (2) that the determination relating to the claim for payment in June, 1940, involving the same party, the same plant and identical operations is res adjudicata in the present proceeding; (3) that the delegation of the power of the Secretary of Agriculture by executive order to the War Food Administrator was in contravention of the Act of Congress creating the authority for the marketing orders and that the proceedings taken by the said War Food Administrator are therefore unauthorized and not in accordance with law.

(1) In the affidavit submitted on these motions, defendant has cited portions of the record which sustain the findings of the Administrator with reference to each of plaintiff's objections. This evidence is substantial. The conclusion which this Court might reach upon an original consideration of the conflicting evidence presented is immaterial; there is substantial evidence from which the Administrator could reach the determinations he made. Section 8c(15) (A) and (B) specifically provide that the administrative ruling shall be final "if in accordance with law." The court may consider on review only such evidence as was adduced at the administrative hearings and will not disturb the ruling if there is any substantial evidence to support it. New York State Guernsey Breeders' Co-op, Inc. v. Wickard, 2 Cir., 1944, 141 F.2d 805, certiorari denied 323 U. S. 725, 65 S.Ct. 58; Queensboro Farms Products, Inc. v. Wickard, 2 Cir., 1943, 137 F.2d 969; Crull v. Wickard, 6 Cir., 1943, 137 F.2d 406; Cosgrove v. Wickard, D.C. Mass.1943, 49 F.Supp. 232; Vogt's Dairies, Inc. v. Wickard, D.C.N.Y.1942, 45 F.Supp. 94; M. H. Renken Dairy Co. v. Wickard, D.C.N.Y.1942, 45 F.Supp. 332; New York State Guernsey Breeders Co-op., Inc. v. Wallace, D.C.N.Y.1939, 28 F.Supp. 590; see also Swayne & Hoyt, Ltd. v. United States, 1937, 300 U.S. 297, 57 S.Ct. 478, 81 L.Ed. 659; National Labor Relations Board v. Link-Belt Company, 1941, 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368; Gray v. Powell, 1941, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301; Board of Trade of Kansas City v.

United States, 1942, 314 U.S. 534, 62 S.Ct. 366, 86 L.Ed. 432; National Labor Relations Board v. Nevada Consolidated Copper Corporation, 1942, 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305; Wilmington Trust Co. v. Helvering, 1942, 316 U.S. 164, 62 S.Ct. 984, 86 L.Ed. 1352.

The opinions of the Presiding Officer and of the Assistant to the War Food Administrator indicate a detailed examination and careful consideration of the evidence presented and the weight to be accorded to it and there is an ample and rational basis in law and fact for the rulings made.

(2) The applicability of the doctrine of res adjudicata to administrative determinations is a question which has not yet received much judicial consideration. The Administrator considered the matter fully and cited reasons and authority for his conclusion that it did not apply in this proceeding. In re Grandview Dairy, Inc., 3 A.D. 335, 354 (May 8, 1944).

Since administrative officers and boards are usually charged with administering a statute as they deem it most justly to apply in individual cases, they should not be hampered by prior determinations estopping them from settling the immediate matter in the manner best suited to all parties. As long as their determination is in accordance with law, they may find in a particular case differently than they did before. See Section 183, Federal Administrative Law, F. Trobridge von Baur (1942); (1942) The Judicial Function in Federal Administrative Agencies by Chamberlain, Dowling & Hays, p. 62; Federal Trade Commission v. Raladam Co., 316 U. S. 149, 62 S.Ct. 966, 86 L.Ed. 1336.

■■ Res adjudicata does not apply to the decisions of administrative officers and boards. In any event, the Administrator found that the record in this proceeding was more complete and disclosed many facts not available to the first tribunal and that the second proceeding involved a different claim for a different period of time than the first.[1] This being so, it is obvious that res adjudicata would not control here even if the doctrine were applicable to administrative proceedings in general.

■ (3) The functions of the Secretary of Agriculture under the Milk Marketing

Agreement Act of 1937 were duly transferred to the War Food Administrator by Executive Order No. 9280 (7 F.R. 10179), Executive Order No. 9322 (8 F.R. 3807), Executive Order No. 9334 (8 F.R. 5423), and Executive Order No. 9392 (8 F.R. 14783), 50 U.S.C.A.Appendix § 601 note, which Executive Orders were issued under the authority of the First War Powers Act, 1941, 50 U.S.C.A.Appendix §§ 601–605, which clearly permits the redistribution of functions and powers among various administrative tribunals by executive orders.

The motion of the plaintiff for summary judgment in its favor is denied and that of the defendant is granted.

Settle order on notice.

[1] It also appears that in another prior proceeding it had been determined that the plaintiff operated but one plant and thus would not be entitled to the payments claimed. In the Matter of Grandview Dairy, Inc. and Arkport Dairies, Inc., 1 A. D. 133.