**John A. GUZIAK, Petitioner,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 18128.**

United States Court of Appeals Eighth Circuit.

June 8, 1966.

Harry E. McDermott, Jr., of Moses, McClellan, Arnold, Owen & McDermott, Little Rock, Ark., for petitioner. Claude Carpenter, Jr., Little Rock, Ark., was with him on the brief.

W. Risque Harper, Atty., F. T. C., Washington, D. C., for respondent. James McI. Henderson, General Counsel, Federal Trade Commission and J. B. Truly, Assistant General Counsel, Federal Trade Commission, Washington, D. C., were with him on the brief.

Before VOGEL, Chief Judge, BLACKMUN, Circuit Judge, and STEPHENSON, District Judge.

STEPHENSON, District Judge.

The petitioner herein is seeking review of an order to cease and desist which was issued by the Federal Trade Commission at the close of an administrative proceeding. The case was initiated by the filing of an administrative complaint charging that petitioner John A. Guziak through the instrumentalities of two corporations, General Aluminum Company,[1] a Tennessee Corporation, and Superior Improvement Company, an Arkansas Corporation, is and has engaged in unfair methods of competition and unfair and deceptive acts and practices in interstate commerce in violation of the Federal Trade Commission Act.[2] After conducting several hearings, the hearing examiner determined that the charges contained in the complaint had been sustained and, accordingly, issued an order directing that Guziak, individually or through any agent, representative or other instrumentality, cease and desist from engaging in any activity specified in the administrative complaint. The petitioner then appealed to the Federal Trade Commission, respondent herein. After considering the case on briefs and oral argument, the Commission filed a separate opinion in which it adopted the findings and conclusions of the examiner and, with some modification,[3] the examiner's order.

The activities giving rise to the administrative complaint occurred during the course of petitioner's business of advertising and selling aluminum siding materials to the public.

---

1. The petitioner herein testified that this corporation is no longer in operation even though it has not been dissolved.

2. The pertinent provisions of the Act are as follows: "Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful." 15 U.S.C. § 45(a) (1) (1964).
 "The Commission is empowered and directed to prevent persons, partnerships or corporations * * * from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce." 15 U.S.C. § 45(a) (6) (1964).

3. The Commission's modification of the examiner's order is one of the points relied upon by the petitioner as a basis for setting aside the Commission's order and will be discussed.

The petitioner commenced his operations in the latter part of 1960 by organizing the General Aluminum Company. This corporation operated primarily in Tennessee until the latter part of 1962 when the petitioner transferred his operations to Arkansas where he formed the Superior Improvement Company which now maintains an office and warehouse in Little Rock, Arkansas. Petitioner is the president and sole stockholder of these corporations and is responsible for directing and controlling their activities. The administrative complaint filed in this matter charged that the petitioner, in conducting his business, made false and deceptive representations which tended to mislead individuals into purchasing his product. In asking this Court to set aside the Commission's order requiring him to cease and desist from engaging in the false and deceptive practices set forth in the complaint, the petitioner urges several contentions.

■■■ The petitioner first contends that the Commission erred in concluding that it had jurisdiction over the respondent in this matter since the record does not contain substantial evidence establishing that he is engaged in interstate commerce. While it is true that the jurisdiction of the Commission extends only to transactions in interstate commerce, FTC v. Bunte Bros., 312 U.S. 349, 61 S.Ct. 580, 85 L.Ed. 881 (1941), the petitioner is urging that the interstate activity must be of some magnitude [4] and that the wrong-doing charged must actually occur in the course of interstate commerce before the Commission may assert jurisdiction. With this as his premise, petitioner reasons that the Commission had no jurisdiction over the matter involved herein as the record reflects interstate activity only to the following extent: (1) Three sales in Kentucky in 1961; (2) use of the mails to solicit business; and (3) one newspaper advertisement. The petitioner further contends that there has been no showing that any wrong-doing actually occurred during the conduct of this limited interstate activity.

■■■ When Section 5 of the Federal Trade Commission Act was amended in 1938 to extend the Act's coverage to consumers as well as competitors,[5] the Senate Committee involved expressed its opinion concerning the jurisdiction of the Commission by stating that "since the powers of the Commission in this respect are injunctive rather than punitive, the Commission should have the power to restrain an unfair act before it had become a method or practice, if, in its discretion, such restraint be in the public interest. A single act may have multiple or continuing effects and may be far reaching." S.Rep. No. 221, 75th Cong., 1st Sess., 3–4 (1937). This Committee's declaration was the basis for the conclusion that "the Commission's jurisdiction is not intended to be affected even if only a single unfair act is involved." Gellman v. FTC, 290 F.2d 666, 670 (8th Cir. 1961) (dictum). There appears to be no basis in terms of either history or logic for holding that the Commission may not assert its power until the interstate activity under scrutiny has reached a certain magnitude. In fact, one of the objects of the Federal Trade Commission Act was to prevent potential injury by stopping unfair methods of competition in their incipiency. FTC v. Raladam Co., 316 U.S. 149, 62 S.Ct. 966, 86 L.Ed. 1336 (1942); Fashion Originators' Guild of America v. Federal Trade Comm'n,

---

4. In his brief, the petitioner places great emphasis upon the fact that, as compared to his interstate activity, the cases relied upon by the hearing examiner in asserting jurisdiction involved interstate commerce of far greater magnitude. While this may be true, it does not necessarily follow that a similar magnitude of interstate activity on the part of the petitioner was a prerequisite to the assertion of jurisdiction in this case. This determination must be made from an interpretation of the Federal Trade Commission Act.

5. This amendment was briefly discussed in FTC v. Colgate-Palmolive Co., 380 U.S. 374, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965).

312 U.S. 457, 466, 61 S.Ct. 703, 85 L.Ed. 949 (1941).

In considering the assertion of jurisdiction in this instance, it must be remembered that the Commission has broad discretion in determining whether a proceeding brought by it is in the public interest and that each case must be determined upon its own facts. Federal Trade Comm'n v. Rhodes Pharmacal Co., 191 F.2d 744 (7th Cir. 1951); Ford Motor Co. v. FTC, 120 F.2d 175, 182 (6th Cir. 1941). It is clear that the petitioner's business activities included sales in Tennessee, Arkansas and Kentucky; an advertisement placed in a newspaper with an interstate circulation; and the mailing of brochures from Wisconsin to individuals in Kentucky, Arkansas and Tennessee. Contrary to the petitioner's assertion, the evidence supports the Commission's finding that unfair and deceptive methods were employed during the course of these interstate activities. Since the prohibition of such activities in the future is in the public interest, the Commission's assertion of jurisdiction was within its discretion.[6] There is no basis for holding that the Commission did not have jurisdiction over the petitioner in this cause of action.

The petitioner further urges that the Commission made findings of facts which are not supported by the weight of the evidence and which are, in many instances, contrary to the evidence. It is not the function of the Court to try this matter de novo. Rather, it is for the Commission to weigh the evidence, appraise the credibility of witnesses, resolve conflicts in evidence and draw conclusions from what it considers the most convincing evidence. Benrus Watch Co. v. FTC, 352 F.2d 313, 317 (8th Cir.

1965). Findings that are supported by substantial evidence are conclusive and binding upon this Court.

In attacking the findings, the petitioner has relied heavily upon his own testimony and the fact that many of the findings were based upon activities of the corporations rather than upon his personal activities. These contentions are not convincing. As the motivating and controlling force behind the corporations, the petitioner was responsible for their activities.

The Commission was fully justified in finding the petitioner responsible for the corporate activities and in enjoining him from engaging in similar activities in the future. Cf. Benrus Watch Co. v. FTC, supra at 352 F.2d 324–325; FTC v. Standard Educ. Society, 302 U.S. 112, 119–120, 58 S.Ct. 113, 82 L.Ed. 141 (1937). Furthermore, the mere fact that some of the findings of fact were in conflict with petitioner's testimony does not render them erroneous. The findings of fact in this case were supported by substantial evidence. Such findings are therefore conclusive and binding upon this Court.

The petitioner also alleges that the hearing examiner erred in not recalling certain witnesses to the stand after it was learned that they had been shown investigative reports prior to testifying. However, both the Commission and the hearing examiner indicated that little, if any, weight was given to the testimony of these witnesses and that their conclusions were reached primarily from the testimony of other witnesses. This being so, the Court finds that the petitioner was not prejudiced by the examiner's failure to recall these witnesses.[7]

6. The mere fact that the petitioner is no longer engaged in some, if not all, of the activities which were the basis for the Commission's action does not prevent the issuance of a cease and desist order against such activities. Automobile Owners Safety Ins. Co. v. FTC, 255 F.2d 295 (8th Cir. 1958).

7. The petitioner has made the broad allegation that all the witnesses were improperly coached. There has been nothing presented to the Court to substantiate that claim. In a similar manner, the petitioner has asserted that the hearing examiner erred in not allowing a letter from the Better Business Bureau of

The petitioner further contends that the Commission erred by entering an order which exceeds its statutory authority. It is well established that the Commission has a wide discretion in determining the type of order that is necessary to cope with unfair or deceptive practices. FTC v. Colgate-Palmolive Co., 380 U.S. 374, 392, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965). The Courts should not interfere with an order of the Commission unless the remedy selected does not have a reasonable relation to the unlawful practices which have been found. FTC v. National Lead Co., 352 U.S. 419, 428, 77 S.Ct. 502, 1 L.Ed.2d 438 (1957). The order involved herein is clearly an attempt to prevent the petitioner from engaging in business activities which were determined to be unlawful.[8] It is reasonably related to the prevention of those activities. In addition the Commissioner's modification of the hearing examiner's proposed order was justified by the Record. The modification was merely an attempt by the Commission to

Memphis to be introduced into evidence. The letter has not been included in the Record and the petitioner has not even attempted to explain why the exclusion of the letter resulted in prejudice to him. On the basis of this Record, there is no need to discuss these questions further. They will be considered as having been waived. See 8th Cir.R. 10(d); Pellerin Laundry Machinery Sales Co. v. Reed, 300 F.2d 305, 314–315 (8th Cir. 1962); Loughran v. FTC, 143 F.2d 431, 433 (8th Cir. 1944).

8. The Order entered by the Federal Trade Commission is as follows:

It Is Ordered that the following order be, and it hereby is, substituted for the order contained in the initial decision:

It Is Ordered that respondent, John A. Guziak, individually or through any agent, representative, agency or other instrumentality, in connection with the offering for sale, sale or distribution of aluminum and simulated stone home and building siding materials or any other similar products, in commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease and desist from representing, directly or by implication, that:

(1) Any saving or discount is afforded purchasers or a special or reduced price is granted by respondent, unless such saving, discount or special price constitutes a reduction from the price which respondent usually and regularly charged for the materials and their application in the recent regular course of his business.

(2) (a) Respondent will bring prospective customers to see the purchaser's "model home"; or that respondent will call on prospective purchasers referred to him by his customers.

(b) Respondent will pay a bonus, commission or any other compensation to purchasers or prospective purchasers on sales made as a result of demonstrating or advertising the purchaser's or prospective purchaser's house or building.

(3) Respondent manufactures the siding products which he sells.

(4) Aluminum siding materials sold by respondent are manufactured by Alcoa, Kaiser, or Reynolds Aluminum Company or misrepresenting in any way the identity of the manufacturer or the source of any of respondent's products.

(5) Respondent is connected or affiliated with Reynolds Aluminum Company, or that respondent is connected with any business concern or organization with which respondent is not so connected or affiliated.

(6) Respondent's products are applied by factory trained personnel.

(7) Respondent's products are unconditionally guaranteed when there are any conditions or limitations to such guarantee.

(8) Using the word "Lifetime" or any other term of the same import in referring to the duration of a guarantee of a product without clearly and conspicuously disclosing the life to which such reference is made; or misrepresenting, in any manner, the duration of a guarantee.

(9) Any of the respondent's products are guaranteed, unless the nature and extent of the guarantee, the identity of the guarantor, and the manner in which the guarantor will perform thereunder are clearly and conspicuously disclosed.

It Is Further Ordered that the initial decision and order, as modified, be, and hereby are, adopted as the decision and order of the Commission.

It Is Further Ordered that respondent shall, within sixty (60) days after service upon him of this order, file with the Commission a report in writing setting forth in detail the manner and form in which he has complied with the order to cease and desist.

remove any doubt as to the specific activities which were being enjoined in connection with petitioner's "bonus" plan.[9] In view of the evidence and findings, there is no basis for petitioner's contention that the Commission exceeded its statutory authority in entering the order involved herein.

The order of the Federal Trade Commission is affirmed. An order will be entered by this Court enforcing it pursuant to the provisions of 15 U.S.C. § 45 (c) (1964).

9. Paragraph 2 of the initial decision (the hearing examiner's proposed order) consisted of 2(b) above. Paragraph 2(a) was added by the Commission. See n. 8, supra.