**FEDERAL TRADE COMMISSION,**
Appellee,

v.

**David R. MARKIN, President of Checker Motors Corporation, and Checker Motors Corporation, Appellants.**

No. 75–1443.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 9, 1975.

Decided March 5, 1976.

---

Lee A. Freeman, Freeman, Freeman & Salzman, Lee A. Freeman, Jr. John F. Kinney, Chicago, Ill., Alfred J. Gemrich, Gemrich, Moser, Dombrowski, Bowser & Miller, Kalamazoo, Mich., for appellants.

Frank S. Spies, U. S. Atty., Grand Rapids, Mich., John R. Fleder, U. S. Dept. of Justice, Gerald Harwood, Robert E. Duncan, Barry R. Rubin, Federal Trade Commission, Washington, D. C., for appellee.

Before MILLER and ENGEL, Circuit Judges, and CHURCHILL,* District Judge.

PER CURIAM.

Respondents appeal from an order of the district court enforcing with slight modifications a subpoena duces tecum issued by the Federal Trade Commission in March 1973. The subpoena called for the production of a broad range of documents and was issued to further an investigation initiated by an FTC resolution of January 3, 1973. The resolution authorized the FTC's Chicago regional office to determine whether appellants' activities in connection with the ownership, operation, and regulation of taxicab service in commerce were being conducted in an unfair manner with the purpose or effect of restraining competition in violation of § 5 of the Federal Trade Commission Act.

It is urged by the Commission that its investigation will involve inquiry into a number of possible violations of the Federal Trade Commission Act. The investigation is expected to show, according to the Commission, that Checker Motors controls Yellow Cab Corporation of Chicago or Checker Taxi Company, Inc., and operates taxicabs in the Chicago area; that Checker along with others, has conspired to restrain competition in the market for replacement vehicles, parts, supplies, and services; and that Checker has participated in disseminating false and misleading earnings claims in commerce with the result of deceiving drivers and employees who rely upon these claims when applying for jobs, and may have therefore placed competitors at an unfair competitive disadvantage.

Negotiations were instituted over Checker's objections to the subpoena. When these negotiations failed, Checker filed with the FTC a motion to quash the subpoena which was untimely denied. The Commission then filed a petition for enforcement of the subpoena in the district court, thus initiating the present litigation.

Appellants' primary contention on this appeal is that the principles of res judicata and collateral estoppel preclude FTC from conducting its proposed investigation. They argue that the parties and issues in this proceeding are the same parties and issues involved in the *Yellow Cab* decisions, *United States v. Yellow Cab Co.,* 332 U.S. 218, 67 S.Ct. 1560, 91 L.Ed. 2010 (1947), and *United States v. Yellow Cab Co.,* 80 F.Supp. 936 (N.D.Ill.1948), *aff'd,* 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150 (1949). The *Yellow Cab* complaint alleged various violations of the Sherman Act which the Supreme Court considered in three parts: (1) allegations of a conspiracy to restrain taxicab service to

* The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation.

and from railroad stations in Chicago, (2) allegations of a conspiracy to restrain the sale of taxicabs, replacement parts and accessories in Chicago and several other cities and to exclude all manufacturers other than Checker Motors from these markets, and (3) allegations of a conspiracy to prevent competition for exclusive contracts to transfer interstate passengers between Chicago railroad stations.

As to the first category, the Supreme Court affirmed the district court's dismissal of the charge, finding that local taxicab service in Chicago conveying interstate passengers between local railroad stations was not an integral part of interstate commerce and that, therefore, a restraint on this local service, without more, would not violate the Sherman Act. The Court then determined that the claims of a conspiracy to restrain competition in the market for the sale of vehicles, replacement parts and accessories did involve interstate commerce and constituted, if established by proof, violations of the Sherman Act. On remand, the district court after trial dismissed the latter charge on the ground that the evidence did not establish the government's theory. *United States v. Yellow Cab Co.*, 80 F.Supp. 936 (N.D.Ill.1948). The Supreme Court affirmed, 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150 (1949). In its initial consideration of the case the Supreme Court also found that the allegations of a conspiracy to prevent competition in contracts to transfer interstate passengers between railroad stations charged a Sherman Act violation.

Respondents argue that the Supreme Court's finding in *Yellow Cab* that local taxicab services in Chicago do not affect interstate commerce precludes investigation by the Commission of anticompetitive conduct in the operation of local taxicab service in Chicago. Similarly, respondents contend that the district court's finding on remand, affirmed by the Supreme Court, that the alleged conspiracy to restrain competition in the market for the sale of vehicles and replacement parts and accessories had not been established by proof, precludes re-investigation of that issue.

▮ The district court in a carefully reasoned opinion found that enforcement of the subpoena duces tecum in the present investigative proceeding is not barred by the rulings in the *Yellow Cab* cases on the theory of res judicata or collateral estoppel. *F.T.C. v. Markin*, 391 F.Supp. 865 (W.D. Mich.1974). We agree with its findings and conclusions and will add only a few comments. Generally, a question of agency coverage or jurisdiction should be judicially reviewed pursuant to 5 U.S.C. § 706 only after agency action has been completed. If such a question is presented for review prior to a final agency decision, a court normally should not interrupt the administrative process to decide the issue. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). *Accord, FPC v. Arkansas Power and Light Co.*, 330 U.S. 802, 67 S.Ct. 963, 91 L.Ed. 1261 (1947), *reversing per curiam*, 81 U.S.App.D.C. 178, 156 F.2d 821 (1946); *Macauley v. Waterman Steamship Corp.*, 327 U.S. 540, 543–45, 66 S.Ct. 712, 713–14, 90 L.Ed. 839, 841–42 (1945). Rather, the court should defer to agency expertise and "let the agency develop the necessary factual background upon which decisions should be based." *McKart v. United States*, 395 U.S. 185, 193–94, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194, 203 (1965).

The doctrine of *Myers, supra,* was specifically applied by the Supreme Court in *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 211–14, 66 S.Ct. 494, 506–08, 90 L.Ed. 614, 631–32 (1946), to deny to a litigant the right to assert a question of jurisdiction or coverage as a defense in a subpoena enforcement proceeding. *See also FTC v. Crafts*, 355 U.S. 9, 78 S.Ct. 33, 2 L.Ed.2d 23 (1957), *reversing per curiam*, 244 F.2d 882 (9th Cir.); *Endicott Johnson Corp. v. Perkins,* 317 U.S. 501, 509, 63 S.Ct. 339, 343, 87 L.Ed. 424, 429 (1943). In addition, *Myers* has been applied to a situation in which res judicata was asserted as a defense. *Cf. Otis & Co. v. SEC,* 338 U.S. 843, 70 S.Ct. 89, 94 L.Ed. 516 (1949), *reversing per curiam,* 176 F.2d 34 (D.C. Cir. 1949).

▮ Respondents' argument that the present case is one requiring exclusively

legal inquiries not involving agency expertise and therefore within an exception to the *Myers* doctrine is not persuasive. While this exception has been articulated, *see McKart v. United States, supra,* 395 U.S. at 197–99, 89 S.Ct. at 1664–65, 23 L.Ed.2d at 205–06; *Borden, Inc. v. FTC,* 495 F.2d 785, 787 (7th Cir. 1974); *Sterling Drug, Inc. v. FTC,* 146 U.S.App.D.C. 237, 450 F.2d 698, 710–11 (1971); *Jewel Companies, Inc. v. FTC,* 432 F.2d 1155, 1159 (7th Cir. 1970), *case dismissed as moot,* 479 F.2d 1323 (1973); *Elmo Division of Drive-X v. Dixon,* 121 U.S.App.D.C. 113, 348 F.2d 342, 345 (1965), we find it inapposite in the case before us. Whether or not res judicata or collateral estoppel should be applied in this case depends on a variety of factual determinations which should be made by the Commission in the first instance.

Our conclusion that the subpoena should be enforced does not rest merely on an automatic application of the doctrine of exhaustion of administrative remedies or a desire to defer to agency expertise. The basic weakness in respondents' position is that neither the district court nor FTC has sufficient information at the present time to make the factual findings required to resolve the principal issue of res judicata or collateral estoppel. The administrative proceeding should not be interrupted by judicial intrusion before the pertinent facts are determined and assessed by the Commission.

The FTC is proceeding in this case under the Federal Trade Commission Act while the *Yellow Cab* cases arose under the Sherman Act. It is true enough that this fact may not necessarily preclude application of res judicata, *see United States v. Willard Tablet Co.,* 141 F.2d 141 (7th Cir. 1944); *George H. Lee Co. v. FTC,* 113 F.2d 583, 586 (8th Cir. 1940). Nevertheless, the differences in the two make it more difficult at this stage to decide whether precisely the same issues are involved as were litigated in the *Yellow Cab* cases. There is authority that the Federal Trade Commission Act is of broader scope than the Sherman Act, reaching more conduct at an earlier time.

*FTC v. Sperry & Hutchinson Co.,* 405 U.S. 233, 239, 92 S.Ct. 898, 903, 31 L.Ed.2d 170, 176 (1972); *FTC v. Motion Picture Ad Service Co.,* 344 U.S. 392, 394–95, 73 S.Ct. 361, 363, 97 L.Ed. 426, 429–30 (1953). Thus, conduct violating the Federal Trade Commission Act might not constitute a violation of the Sherman Act. We agree with the district court that the application of res judicata and collateral estoppel may be precluded by a change in circumstances since the *Yellow Cab* cases were decided nearly 30 years ago. *See FTC v. Raladam,* 316 U.S. 149, 150–51, 62 S.Ct. 966, 967–68, 86 L.Ed. 1336, 1339–40 (1942); *Exposition Press, Inc. v. FTC,* 295 F.2d 869, 872 (2d Cir. 1961), *cert. denied,* 370 U.S. 917, 82 S.Ct. 1554, 8 L.Ed.2d 497 (1962).

Appellants also contend that this investigation is improper because it concerns matters wholly within the regulatory authority of the City of Chicago and thus is within the principle of *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), that actions undertaken pursuant to comprehensive state or local regulation cannot form the basis for an antitrust charge. We think that the applicability of *Parker v. Brown, supra,* should be determined by the Commission in the first instance.

Respondents' other arguments we find to be without merit.

For the reasons stated herein and by the district court in its opinion, the district court's order enforcing the subpoena is hereby

AFFIRMED.