**GOLD TONE STUDIOS, Inc. et al. v. FEDERAL TRADE COMMISSION.**

No. 178, Docket 21163.

United States Court of Appeals
Second Circuit.

Argued May 10, 1950.

Decided July 5, 1950.

———◆———

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

MacFarlane, Harris & Goldman, Rochester, N. Y., Harry D. Goldman, Rochester, N. Y., of counsel, attorneys for petitioners.

W. T. Kelley, General Counsel, James W. Cassedy, Associate General Counsel, Alan B. Hobbes, Attorney, all of Washington, D. C., attorneys for Federal Trade Commission.

CHASE, Circuit Judge.

This is a petition to review and set aside an order of the Federal Trade Commission requiring petitioners, among other things, to cease and desist, in connection with the offering for sale, sale and distribution in commerce of photographs, from (1) using the words "oil painted portraits," "oil painted" or the like to refer to a tinted or colored photograph; (2) using the words "oil colored portrait" "colored in oils" or the like to refer to a tinted photograph; and (3) using the words "Gold-Tone," or words of similar import or meaning, as a corporate or trade name or otherwise, to refer to a photographic reproduction which is not a product of a finishing process involving the use of a toning or developing bath using salts or chloride of gold, or to a photographic business "not substantially engaged" in finishing photographs by such a process. The Commission found such use of these words to be a "deceptive act or practice in commerce" and that a proceeding by it in respect thereof would be in the public interest. 15 U.S.C.A. § 45.

Petitioners argue, first, that the terms "oil colored" and "colored in oils" do not deceptively describe their photographic reproduction. These were, in major part, sepia photographs tinted or colored in varying degrees. There was, however, evidence to support the Commission's finding that "tinted" and "colored" are not, in the minds of the public, artists or photographers, synonymous, in that the former refers to a photograph which has been only partly touched with the pigment, while the latter refers to one fully covered with color. While there was evidence to the contrary, the Commission's findings cannot be disturbed by us when they are supported, as here, by substantial evidence. Excelsior Laboratory, Inc. v. Federal Trade Commission, 2 Cir., 171 F.2d 484.

"Gold toning" or the "gold tone process" is a recognized method of finishing photographs by the use of a finishing bath containing gold chloride or some other gold salt. Petitioners do not object to so much of the Commission's order as forbids them from using the term "gold tone" to refer to photographs not finished by that process. But they do claim that the use of the term in their corporate name does not, and is not likely to, deceive the general public and that, while in extraordinary circumstances an expert photographer might be deceived by the use of those words in the corporate name, in such cases the public interest is not

substantial. While there was no evidence that any member of the general public was ever actually deceived, there was evidence that persons do specify "gold tone" when they place orders for additional copies of photographs they know have been finished with the gold tone process; that some customers so specify on originally placing orders for photographs; and that amateur photographers who read photography publications are familiar with the technical meaning of that term. We think this evidence sufficient to support the Commission's finding that the use of the term "gold tone," in petitioners' corporate name to refer to a photographic business "not substantially engaged" in finishing photographs by the gold tone process, has a probable tendency to deceive the purchasing public. This is enough. Fioret Sales Co., Inc. v. Federal Trade Commission, 2 Cir., 100 F.2d 359.

■ While the Commission's order seems drastic at first glance, it does give petitioners a choice. If they can, and will, substantially use the gold tone process they may keep their present corporate name. Yet, however that may be, the selection of the appropriate remedy is a matter within the discretion of the Commission, which will be reviewed only where abused, Herzfeld v. Federal Trade Commission, 2 Cir., 140 F.2d 207. Petitioners do not object to so much of the order as prohibits the use of the terms "oil painted portrait," "oil painted," or the like to refer to their photographs. And the Commission concedes that its order does not prohibit the use of the term "portrait" alone or in conjunction with terms other than "oil painted," "oil colored" or words of similar import or meaning.

■ Perhaps, however, paragraph 4 of the order might be construed to mean that the corporation may not, in doing business under a permitted new name, make it plain that it is the same corporation which formerly did business under the name "Gold Tone Studios, Inc." To forbid that would, we think, be an abuse of discretion. Consequently paragraph 4 is modified by adding at the end thereof the following sentence. "Provided that the corporation may, in conducting its business under any permitted changed name, state that it is the same corporation which formerly did business under the name "Gold Tone Studios, Inc."

As so modified the order is affirmed and an order of enforcement will be issued.