## DEER et al. v. FEDERAL TRADE COMMISSION.

### No. 8.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1945.

Leon Himmelfarbe, of New York City, for petitioners.

W. T. Kelley, Chief Counsel, Joseph J. Smith, Jr., Asst. Chief Counsel, and Donovan Divet, Sp. Atty., all of Washington, D. C., for respondent.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The petitioners are engaged in the business of selling in interstate commerce various kinds of merchandise, chiefly household articles, and upon request they have supplied some of their customers with a so-called "club plan" or with material for the game of "Bingo" for use by such customers in reselling the goods purchased from the petitioners. The Commission found that the club plan and the bingo paraphernalia were gambling devices, as they clearly were, and that the sale of merchandise by the aid of such devices constituted unfair methods of competition in commerce, as they clearly do, within the prohibition of section 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45. Federal Trade Comm. v. R. F. Keppel & Bro., 291 U.S. 304, 54 S.Ct. 423, 78 L.Ed. 814; Cinader v. Federal Trade Commission, 2 Cir., 141 F.2d 1022; Modernistic Candies, Inc. v. Federal Trade Commission, 7 Cir., 145 F.2d 454. As the case last cited indicates it was not necessary to prove that the petitioners actually participated in the operation of the bingo game or the club plan conducted by their customers; it is enough that they aided and abetted in such methods of resale. Their advertising justifies an inference that they did. Nor was the Commission obliged to prove injury to the public or loss of business to competitors; when it finds, as it reasonably did here, that unfair practices have been employed by a respondent, it may infer that trade will be diverted from competitors who do not employ such practices. Federal Trade Commission v. Raladam Co., 316 U.S. 149, 152, 62 S.Ct. 966, 86 L. Ed. 1336. Finally, the fact that use of the "club plan" was abandoned more than a year before the Commission issued its complaint is not a bar to an order to cease and desist, for the Commission has broad discretion to determine whether such an order is needed to prevent resumption of the practice. Gelb v. Federal Trade Commission, 2 Cir., 144 F.2d 580, 581; Bunte Brothers v. Federal Trade Commission, 104 F.2d 996, 997; cf. Federal Trade Commission v. Civil Service T. Bureau, 6 Cir., 79 F.2d 113, 115. We cannot say there was no reason to apprehend its renewal, for the petitioners were still continuing the analogous unfair practice of supplying bingo paraphernalia.

Originally the petitioners manufactured some of the merchandise they sold but for the last ten or fifteen years they have done no manufacturing whatever. The Commission found that the use of the word "Manufacturing" in the petitioners' trade name had the capacity and tendency to deceive the purchasing public. Whether elimination of the word was required or whether some explanatory clause such as "distributors only", which the petitioners offered to print below their trade name on all stationery and advertising, would be adequate to prevent deception, was for the Commission to determine. Under our decisions in Herzfeld v. Federal Trade Com-

mission, 2 Cir., 140 F.2d 207 and Charles of the Ritz Distributors Corporation v. Federal Trade Commission, 2 Cir., 143 F. 2d 676, 680, this court may not disturb the measure of relief which the administrative tribunal thinks necessary.

The order is affirmed.