NEW STANDARD PUB. CO., Inc. et al. v.
FEDERAL TRADE COMMISSION.

No. 6319.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1952.

Decided Feb. 9, 1952.

———◆———

Henry Ward Beer, New York City (Eli J. Blair, New York City, on brief) for petitioners.

Alan B. Hobbes, Atty., and W. T. Kelley, General Counsel, Federal Trade Commission, Washington, D. C. (James W. Cassedy, Asst. Gen. Counsel, and John W. Carter, Jr., Atty., Federal Trade Commission, Washington, D. C., on brief) for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is a petition to review and set aside a cease and desist order of the Federal Trade Commission. Petitioners are the New Standard Publishing Company, a corporation of Richmond, Virginia, engaged in selling books, and J. B. Lewis, who with his wife owns all the stock of the corporation and carries on its business. They were charged with Doubleday-Doran & Company of having engaged in unfair and deceptive

trade practices in the sale of books, but that company was later dismissed from the proceeding by the commission. The cease and desist order was entered against petitioners May 25, 1951.

The proceeding against petitioners was originated by complaints filed with the commission in the year 1939 and an attorney examiner of the commission visited petitioners' place of business in May of that year. Sometime before that the corporate petitioner had become the distributor of an encyclopedia published by Doubleday-Doran and the complaints originated from sales methods used in selling that publication. In February 1941 two attorney examiners of the commission came to petitioners' place of business and asked to go through the petitioners' files, stating that the commission had the right to examine them and if permission to do so were denied, the attorneys would take the matter into court and obtain an order requiring that they be produced. Petitioners thereupon allowed the attorneys to proceed with the examination; and the attorneys obtained from the files letters which were subsequently offered in evidence before the commission and information which led to the procurement of witnesses who gave testimony against petitioners. The commission issued its formal complaint in 1942, and petitioners, both before the trial examiner and before the commission itself, moved to suppress this evidence and to dismiss the proceedings on the ground that the evidence had been unlawfully obtained. The commission denied these motions over the vigorous dissent of one of its members.

At the argument in this court, petitioners filed a motion that the court declare the case moot and direct that the proceedings before the commission be vacated and dismissed, filing in support of the motion an affidavit of counsel that the case was moot for all purposes and that petitioners had abandoned the practices referred to in the commission's findings and order. The commission opposed the motion but admitted that there had been long delay in the case and said further in this regard, " * * * there is, of course, a great public interest in ending litigation and it may be that the facts and circumstances attending this matter would not justify the long delay, particularly between the decision on the merits and the disposition of the matter or upon the findings of fact and order to cease and desist, and it may be that the public interest would be better served by disposition of a proceeding because of long delay, even though the decision would be otherwise if the matter was expeditiously handled; however this may be, that is a matter for this Honorable Court to decide, * * *".

We agree with the commission that there has been no such showing that the case is moot as would warrant us in so declaring and directing the dismissal of the proceedings. We think, however, as suggested by the commission, that the delay which has occurred in the case requires notice and that the order of the commission should not be enforced without the taking of additional evidence showing that its entry and enforcement is appropriate under present circumstances. It appears that the order before us was entered twelve years after the proceedings before the commission were commenced and more than six years after the last evidence was taken therein. It was entered more than ten years after the transactions disclosed by the evidence which petitioners claim to have been obtained by unreasonable search and upon which the proceeding was largely based, and nine years after petitioners had ceased handling the Doubleday-Doran publication, the sale of which was the occasion for most of the practices which the commission condemned. Petitioners do not seem to have been responsible for this inordinate delay. In July 1945 the trial examiner made his report to the commission, in which reference was made to the motion made by the petitioners to suppress the evidence alleged to have been improperly obtained. In May 1946 petitioners made an additional motion to that effect before the commission. Not until four years later, in 1950, however, did the commission deny the motion and not until a year after that, in 1951, did it enter the cease and desist order, based on transactions which were more than ten years old and which had arisen out of a relationship which had long since ceased to exist.

Under these circumstances, we think it clear that the order of the commission should be vacated. Such orders are entered, not as punishment for past offenses, but for the purpose of regulating present and future practices. 15 U.S.C.A. § 45 (a)(b); American Chain & Cable Co. v. Federal Trade Comm., 4 Cir., 142 F.2d 909, 911. When an order of the commission is before us for review, the statute provides that to the extent that we do not modify it, we shall use our injunctive power to enforce it, 15 U.S.C.A. § 45(c); and it is elementary that a court of equity will not enjoin one from doing what he is not attempting and does not intend to do. Blease v. Safety Transit Co., 4 Cir., 50 F.2d 852, and see Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754. Where the injunctive power of the court is exercised for the enforcement of an administrative order, the order must be appropriate for present enforcement. See N. L. R. B. v. Eanet, 85 U.S.App.D.C. 371, 179 F.2d 15, 21; N.L.R.B. v. Norfolk Shipbuilding and Dry Dock Co., 4 Cir., 172 F.2d 813, 815–816.

While an administrative agency is not a court of equity, its orders must be based on evidence giving them reasonable support, and such support is not given for an order relating to present and future practices by evidence relating only to transactions which occurred a decade before it was entered. It has accordingly been held by the Court of Appeals of the Sixth Circuit that "The commission is not authorized to issue a cease and desist order as to practices long discontinued, and as to which there is no reason to apprehend renewal." Federal Trade Comm. v. Civil Service T. Bureau, 6 Cir., 79 F.2d 113, 116. No one would contend that a cease and desist order should be upheld, if all the evidence supporting it related to business practices which occurred ten years before the filing of the proceeding; but it can make no difference that the lapse of time has occurred after the proceeding was commenced if there is nothing to show that the practices have been continued.

We need not pass upon the troublesome questions presented by the motions to suppress evidence, in view of our holding that the order of the commission must be vacated because that evidence relates to transactions too remote in point of time to support it.

The order of the commission will accordingly be vacated, without prejudice, however, to the entry of such order as may be appropriate under present circumstances, should the commission see fit to pursue the case further.

Order vacated.