MARLENE'S, Inc., et al., Petitioner,

v.

FEDERAL TRADE COMMISSION, Respondent.

No. 11046.

United States Court of Appeals Seventh Circuit.

Nov. 4, 1954.

Edward Brodkey, Chicago, Ill., for petitioner.

Robert B. Dawkins, Asst. Gen. Counsel, Washington, D. C., Earl W. Kintner, Gen. Counsel, John W. Carter, Jr., Washington, D. C., for the Federal Trade Commission.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Petitioners seek to set aside a cease and desist order issued by the Commission under the Federal Trade Commission Act, 15 U.S.C.A. § 45. They include Marlene's Inc., and R. J. Smasal and James O. Webb as officers of the corporate petitioner, R. J. Smasal individually, and Edward H. Larson and Nelson J. McMahon individually, and doing business as O'Neil, Larson & McMahon.

The Commission filed a complaint averring that Marlene's and its named officers, are now, and for some time past have been, engaged in the distribution and sale of a drug compound (Mynex) in conjunction with a caloric reducing regimen; that petitioners Larson and McMahon, individually and doing business as the aforesaid partnership, are the representatives for Marlene's in all advertisement of, and promotional schemes for the sale of, the drug; that petitioners, acting in concert, conducted an advertising campaign intended to induce, and tending to induce, the sale of the preparation; that many representations made in such advertising con-

stituted false advertising as that term is used in the Act, many of which were misleading and deceptive and had the tendency to mislead and deceive a substantial proportion of the purchasing public into the erroneous belief that such representations were true, and thereby to induce purchase of the preparation. The answer admitted all material allegations of the complaint, but averred, *inter alia*, that the objectionable advertising material had been abandoned by petitioners.

Thereafter, the parties entered into a stipulation which incorporated all material facts set forth in the complaint and answer. Included was a stipulation that the unlawful advertising had been discontinued some six months prior to June 4, 1952, when the complaint was filed. On January 22, 1953, petitioners filed a motion to dismiss on the ground that the cause was moot, relying on the fact that the false advertising had been discontinued as aforesaid.

On the basis of the record thus made, the trial examiner entered his initial decision finding the facts to be substantially as stated in the complaint, answer, and stipulation of the parties. He ordered petitioners to cease and desist from disseminating any advertising of the type found by him to be in violation of the Act and recommended denial of the motion to dismiss. Petitioners appealed to the Commission, assigning as error denial of their motion and challenging the sufficiency of the findings of fact to support paragraph 1(e) thereof. The Commission entered findings of fact substantially in accord with those of the trial examiner and denied the appeal. The initial order of the examiner was modified in certain particulars not here pertinent, and, as thus modified, the Commission issued its order enjoining petitioners to cease and desist from the advertising practices found to be objectionable. This petition followed.

Petitioners challenge the order as (a) improper and beyond the power of the Commission, (b) unsupported by the evidence, and (c) being more extensive than and bearing no reasonable relationship to the evils which the Commission had found to exist. The Commission contends that petitioners have abandoned all issues except the narrow one of whether paragraph 1(e) is sufficiently supported by findings of fact. Accordingly it has moved to strike all of petitioners' brief except the part thereof directed to that issue. We give first consideration to that motion.

On the record before us, petitioners have no standing to challenge the sufficiency of the evidence to support the findings, with the one exception of the finding as to the public necessity for a cease and desist order. They have admitted that the advertising of which complaint is made was unlawful under the Act and was calculated to, and tended to, deceive the purchasing public. They can not be heard to say that these admissions do not afford ample support for the findings to the same effect.

An attempt is made to inject into the cause for the first time the contention that the Commission's order is based in part on that body's notice of evidence dehors the record. During petitioners' appeal, a Commission brief was filed which directed attention to certain fraud orders against the several petitioners and their predecessors in other administrative proceedings, involving in some instances this same preparation and in others wholly unrelated products. However, it appears that no objection to this matter was raised before the Commission or in the petition for review filed in this court. Nor does the record indicate that the Commission took these extraneous matters into account in entering its order. The issue is not properly before us.

In addition to the factors just related, several so-called issues in petitioners' brief which relate to the jurisdiction of this court to set aside or modify administrative orders are not contested and are so well settled as to require no comment. For the foregoing reasons, the Commission's motion to strike the portions of petitioners' brief which relate to the

proposed issues enumerated above is well founded and is allowed.

■■ Turning then to the first issue before us for decision, we conclude that paragraph 1(e) of the order, to which we have previously alluded, is sufficiently supported by findings of fact. This paragraph, enjoining as it does the dissemination of representations that Mynex has been approved for advertising by the Canadian government, is based on a finding that such representations had been made and that these were false and that advertising of products of this nature is expressly prohibited by Canadian law. Petitioners object that the paragraph should take into account the stipulated fact that such representations in petitioners' prior advertising were based on the apparent approval of advertising copy by an official of the Canadian government. This fact is relevant solely to the question of wilfulness and the weight to be accorded thereto was a question for the Commission as the trier of fact. Corn Products Refining Co. v. Federal Trade Commission, 324 U.S. 726, 739, 65 S.Ct. 961, 89 L.Ed. 1320.

Thus, only one issue remains for our decision, namely, whether the cease and desist order was proper, inasmuch as the parties have stipulated and the Commission has found that the unlawful practices had been discontinued by petitioners some six months before the complaint was filed herein. Although this issue was stated as one ground for petitioners' appeal to the Commission, it is questionable whether it was not abandoned in oral argument before that body as the Commission now contends. In view of the substantial question presented, however, we believe we should resolve these doubts in favor of petitioners and deny the Commission's motion to strike portions of petitioners' brief addressed to this issue.

■■ That discontinuance of an unlawful practice, of itself does not necessarily preclude the issuance of a cease and desist order is so well settled as to preclude further argument. See e.g.,

Galter v. F. T. C., 7 Cir., 186 F.2d 810, certiorari denied 342 U.S. 818, 72 S.Ct. 34, 96 L.Ed. 619; C. Howard Hunt Pen Co. v. F. T. C., 3 Cir., 197 F.2d 273; Deer v. F. T. C., 2 Cir., 152 F.2d 65; Consolidated Royal Chemical Corp. v. F. T. C., 7 Cir., 191 F.2d 896, 900; Corn Products Refining Co. v. F. T. C., 7 Cir., 144 F.2d 211, 220, affirmed 324 U.S. 726, 65 S.Ct. 961, 89 L.Ed. 1320; Fairyfoot Products Co. v. F. T. C., 7 Cir., 80 F.2d 684, 686. As stated by the Court of Appeals for the Second Circuit, "the Commission has broad discretion to determine whether such an order is needed to prevent resumption" of the unlawful practice. Deer v. F. T. C., supra, 152 F.2d at page 66. This discretion must be confined, however, within the bounds of reasonableness. New Standard Pub. Co. v. F. T. C., 4 Cir., 194 F.2d 181; Oregon-Washington Plywood Co. v. F. T. C., 9 Cir., 194 F.2d 48; F. T. C. v. Civil Service Training Bureau, 6 Cir., 79 F.2d 113. As the court said in the latter case, 79 F.2d at page 116, "The commission is not authorized to issue a cease and desist order as to practices long discontinued, and as to which there is no reason to apprehend renewal." This court has stated, in Eugene Dietzen Co. v. F. T. C., 7 Cir., 142 F.2d 321, 330, certiorari denied 323 U.S. 730, 65 S.Ct. 66, 89 L.Ed. 586, that the propriety of an order to cease and desist "must depend on all the facts which include the attitude of respondent towards the proceedings, the sincerity of its practices and professions of desire to respect the law in the future and all other facts."

■ The determinative question, therefore, is whether, on the record before us, the order is so unreasonable, and the finding of public necessity so wanting in evidentiary support, as to require this court to hold that issuance of the order amounts to an abuse of discretion. In its opinion the Commission said, "Whether or not the Commission will enter an order in a proceeding where the complained of practices have been discontinued is a matter within the discretion of the Commission and in the exercise

of that discretion the Commission must necessarily consider, among other things, whether there is a likelihood that the practice may be resumed. There is nothing in the record on which to base a determination that the respondents will not resume the practices found to be unlawful. It appears that the respondents are still offering for sale and selling a drug preparation and plan for reducing weight. Under these circumstances, the Commission deems it necessary in the public interest to insure against a resumption of the unlawful practices by the issuance of an order to cease and desist."

It thus appears that the Commission relied on negative inferences which it drew from the fact that petitioners still offer their product for sale, and from the absence of anything to indicate what their future intentions with respect to the condemned advertising may be. On the record before us, we cannot say that these inferences are unjustified, or that the Commission's finding of public necessity is not supported thereby.

The Commission could reasonably conclude that the petitioners were somewhat less than candid about the facts surrounding the discontinuance of the unlawful advertising. In their answer, petitioners averred the discontinuance as follows, "that the advertising material mentioned in the Complaint, *particularly paragraph seven*, was abandoned on or about May, 1950, and since that date has never been used." Paragraph seven of the complaint alleged false advertising in commerce by specified media of communication, while subsequent paragraphs particularized specific statements and representations used. In their motion to dismiss the complaint, petitioners recite the stipulated fact that "the advertising statements challenged" have been discontinued, and state that advertising has "practically ceased." Nothing is said as to future intent. In an affidavit filed with petitioners' brief before the Commission, the following statements by Marlene's president, Mr. Smasal, appear: "Affiant further states that the last date

the advertising quoted in the complaint or similar advertising [was] disseminated was well over a year ago. * * * The affiant further states that at the present time there is no advertising being employed and that the business is slowly being wound up. Orders are filled in smaller and smaller quantities and there is *no intention of resuming* any advertising *on a major scale*." (Emphasis supplied.) These are the only statements by petitioners which bear even remotely on their position with respect to intent for the future.

Thus, not only is the record devoid of evidence as to petitioners' future intent, but also, of any statement as to such intent. On this state of the record, we believe the Commission properly placed the burden on petitioners to reveal affirmatively their intentions. Much is said of the failure of the Commission to supplement the record with evidence that the condemned practices were likely to be resumed to support the finding of public necessity. We fail to apprehend, however, just what evidence the Commission could produce, or just what it could have done except to point, as it did, to the absence of any statement, sworn or otherwise, of petitioners on the subject. Such a statement would have illuminated the issue, but was not forthcoming. Instead the record statements bearing even remotely on the questions both as to the facts surrounding cessation of the advertising practices and as to future intent are couched in language which reveals nothing. We can only speculate as to why these are so phrased, but certainly the Commission on this record, so wanting in candor on this crucial issue, could well be apprehensive that the public interest required an order. We should not disturb that finding. Corn Products Refining Co. v. F. T. C., 324 U.S. 726, 739, 65 S.Ct. 961, 89 L.Ed. 1320.

We conclude that the order does not impinge upon the sound discretion lodged in the Commission. Accordingly the petition to review is denied and the order of the Commission affirmed.