**DORFMAN et al. v. FEDERAL TRADE COMMISSION.**

No. 12653.

Circuit Court of Appeals, Eighth Circuit.

Oct. 5, 1944.

Roger Rutchick, of St. Paul, Minn. (W. L. Ulvin, of St. Paul, Minn., on the brief), for petitioners.

Everett F. Haycraft, Sp. Atty., Federal Trade Commission, of Washington, D. C. (W. T. Kelley, Chief Counsel, and Joseph J. Smith, Jr., Asst. Chief Counsel, for Federal Trade Commission, both of Washington, D. C., on the brief), for respondent.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This case is presented on a petition to review and set aside an order of the Federal Trade Commission. The scope of the relief sought is limited in the brief to the contention that the Cease and Desist Order "should only be modified, rather than reversed for any insufficiency of the evidence."

The petitioners, Meyer Dorfman and Arthur Cohler, trading under the name Stetson Felt Mills, are engaged at St. Paul, Minnesota, in the manufacture and in the sale in interstate commerce of felt rugs.

In a conventional proceeding under the Federal Trade Commission Act, 15 U.S. C.A. § 41 et seq., comprising a complaint, an answer, the taking of testimony and the report of an examiner, the Commission made findings of fact and entered the Order here sought to be modified. The complaint relates to the activities and practices of the petitioners in the sale and distribution of their products in interstate commerce. The Commission found that the proceeding is in the interest of the public, and that the acts and practices of the petitioners as found are all to the prejudice

and injury of the public and constitute unfair and deceptive acts and practices within the intent and meaning of the Federal Trade Commission Act.

The findings of fact briefly summarized are (1) that the petitioners are and have been engaged in the manufacture and sale of felt rugs and other things in interstate commerce; (2) that in the conduct of their business they and their salesmen have been accustomed falsely to represent to prospective purchasers that they are connected with John B. Stetson Company, a well-known hat manufacturer of Philadelphia, and that their rugs are made from trimmings from felt hats made by that company; (3) that petitioners and their salesmen practiced padding orders and shipping to purchasers merchandise greatly in excess of that actually ordered; that the order blanks used were to some extent confusing; that their salesmen failed to extend the totals of the various purchases on such blanks so that the purchaser could immediately determine the amount of merchandise purchased; that in some instances confusing notations were placed upon orders indicating additional purchases or purchases of more expensive merchandise than that actually ordered or desired; that petitioners when attempts were made to cancel such orders often collected as much as 19 per cent of the total amount of the order as handling charges, and in many instances large sums as damages by threats to sue and other forms of intimidation; and (4) that such acts and practices are deceptive and result in purchasers paying for rugs in excess of those ordered and paying more than they agreed or expected to pay.

■ Petitioners first assail paragraph Three of the findings of fact wherein the Commission found that in carrying out their false and fraudulent sales plan the salesmen padded orders and "failed and neglected to extend the totals of the various purchases on said order blanks so that the purchaser could immediately determine the amount of the merchandise which he was purchasing." The contention is that the quoted part of the finding should be eliminated as not supported by the evidence. The contention is without merit. The evidence directly and unequivocally supports the finding. The evidence of the petitioners, instead of denying the statement, tended only to show that it is not customary for salesmen for other business concerns to extend the totals on orders for merchandise.

In their brief petitioners state that they have no quarrel with items 1, 2, 5 and 10 of the Order to Cease and Desist, and in their brief these items are not discussed other than incidentally. Items 1 and 2 cover the representations that petitioners are a part of or in any way connected with the John B. Stetson Company of Philadelphia, and that their rugs are manufactured from trimmings of felt hats made by the said John B. Stetson Company. Item 5 embraces the use of a sales plan by which notations placed on customers' orders increase the amount of their purchases and make the amounts purchased not readily recognizable on the order blanks when they affix their signatures thereto. Item 10 deals with the coercion of or attempt to coerce purchasers by threats to sue or other forms of intimidation into paying damages to petitioners in order to induce them to accept the return of merchandise in excess of the amount ordered.

In three particulars, however, the petitioners seek modification of the Cease and Desist Order. First, they ask that item 4 be modified "if the same is susceptible of an interpretation requiring Petitioners to require their salesmen to extend the amounts of such orders." Second, they contend that the Order is too broad in its prohibition of the use of any sales plan which misleads or deceives purchasers and enables salesmen to obtain orders from purchasers in quantities greater than they order or expect to receive, or for amounts greater than they intend or expect to pay for, or in excess of their desires. Third, they assert that the Order requiring petitioners to cease coercing or attempting to coerce purchasers by threats to sue or other forms of intimidation is in violation of their rights to resort to courts of competent jurisdiction, even though the threats to sue and other forms of intimidation are made in the endeavor to compel the purchasers to accept rugs in excess of the quantity ordered or to compel them to pay more money than they agreed or expected to pay.

■ The first of these objections scarcely requires comment. Item 4 of the Order does not prescribe a means but enjoins a practice. Item 4 directs the petitioners to cease the use of a sales method "which involves the preparation of orders in such a manner that the purchasers cannot readily determine the quantity of rugs or other merchandise ordered or the amount to be paid, as a means of inducing the pur-

chase of greater quantities of such merchandise than that desired or the payment of amounts greater than such purchaser expects or intends to pay." In other words, the requirement is that the orders of purchasers must be clear and understandable both as to the quantity of merchandise purchased and the price to be paid. If to accomplish this purpose a blank order form is used which is not clear without an extension of the totals, then such extension is required. It is within the power of the Commission to require the preparation of orders for interstate sales which shall be clear not only to experts but which may also readily be understood by "that vast multitude which includes the ignorant, the unthinking and the credulous." Florence Mfg. Co. v. J. C. Dowd & Co., 2 Cir., 178 F. 73, 75; Charles of the Ritz Distributors Corporation v. Federal Trade Commission, 2 Cir., 143 F.2d 676, 679. The Act was "made to protect the trusting as well as the suspicious." Federal Trade Commission v. Standard Education Society, 302 U. S. 112, 116, 58 S.Ct. 113, 115, 82 L.Ed. 141. To comply with Item 4 of the Cease and Desist Order petitioners may entirely revise the order blank form in evidence or they may instruct their salesmen to prepare the orders so as to conform to the Order of the Commission. Compliance will be easy if undertaken in good faith. Judicial interpretation is not necessary.

■ The second objection is directed to those clauses of the Order to Cease and Desist intended to prevent the padding of purchasers' orders by any means whatever. It is said the language used by the Commission is "too broad" because "it binds the Petitioners by the undisclosed 'expectations', 'desires', 'intentions', etc., of its customers." We do not think the Order is subject to the criticism directed against it. The petitioners were dealing unfairly with their customers in devious ways. The Order, while prospective in its application, deals with particular practices of the past and is designed to fit the situation and remove the evil practices disclosed by the facts. Compliance requires only that petitioners deal fairly with customers; that they see to it that orders of purchasers are not padded, and that such orders be prepared to include only the quantity and quality of merchandise actually ordered at prices actually made known to the purchasers and agreed upon. Whether the language of an order is too broad or not depends upon the nature and character of the unfair practice which it is intended to cure. The Order requires only that salesmen, before preparing orders, discover the desires, intentions and expectations of the purchasers with reference to the amount and cost of the merchandise, and prepare the orders accordingly. In short, the Order says to the petitioners and their salesmen, cease deceiving your customers and stop padding their orders. The Order, in our opinion, places no unfair burden upon the petitioners. It should be strictly obeyed. Hill v. Federal Trade Commission, 7 Cir., 124 F.2d 104; Haskelite Mfg. Corporation v. Federal Trade Commission, 7 Cir., 127 F.2d 765; National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930.

■ Petitioners' final contention is that threats to sue in connection with controversies with their customers are not coercion and intimidation and should not have been included in the Order to Cease and Desist. In support of this contention they urge that resort to the courts is a constitutional right of all citizens and that a threat to sue can not constitute coercion or intimidation.

The Order requires petitioners to cease and desist from coercing or attempting to coerce purchasers, by threats to sue or other forms of intimidation, into accepting rugs in excess of the quantity ordered, or into paying sums of money in excess of that agreed to be paid, or into paying damages for cancellation of orders for quantities of rugs in excess of that ordered.

Petitioners make no claim that the Order is not supported by the findings or the evidence or that the question was not in issue. The sole claim is that one's right to sue makes it impossible for a threat to do so to constitute coercion or intimidation. The reasoning is fallacious. Right, in law, is not an absolute. An act innocent in itself may be lawful or unlawful depending upon circumstances and the intent of the actor. For example, a man has a right to draw a check upon his deposit in a bank and the holder has a right to present it for payment. But if a man for the purpose of ruining the bank by causing a run upon it threatens to accumulate a large amount of checks and to present them at one time he may be enjoined. American Bank & Trust Co. v. Federal Reserve Bank of Atlanta, 256 U.S. 350, 358, 41 S.Ct. 499, 65 L.Ed. 983. A series of contracts, each of which is

lawful, the necessary result of which is materially to restrain trade among the states violates the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and may be enjoined. United States v. Reading Company, 226 U.S. 324, 357, 33 S.Ct. 90, 57 L.Ed. 243. And acts absolutely lawful may be steps in a criminal plot. Aikens v. Wisconsin, 195 U.S. 194, 206, 25 S.Ct. 3, 49 L. Ed. 154. So here, threats to sue for the purpose of extorting money from customers where no money is due may be forbidden by the Federal Trade Commission, and an Order to Cease and Desist from such a practice is within its powers under the Act. Such an Order does not interfere with petitioners' constitutional rights.

The Order is affirmed and a decree of enforcement will be entered.