**AMERICAN LIFE AND ACCIDENT IN-
SURANCE COMPANY, Petitioner,**

v.

**FEDERAL TRADE COMMISSION,**
Respondent.

No. 15828.

United States Court of Appeals
Eighth Circuit.

May 16, 1958.

Rehearing Denied June 13, 1958.

A. Alvis Layne, Jr., Washington, D. C. (T. S. L. Perlman, Washington, D. C., Kenneth Teasdale and Cobbs, Armstrong, Teasdale & Roos, St. Louis, Mo., were with him on the brief), for petitioner.

E. K. Elkins, Attorney, Federal Trade Commission, Washington, D. C. (Earl W. Kintner, Gen. Counsel, James E. Corkey, Asst. Gen. Counsel and Edwin S. Rockefeller, Atty., Federal Trade Commission, Washington, D. C., were on the brief), for respondent.

Before GARDNER, Chief Judge, JOHNSEN, Circuit Judge, and DUNCAN, District Judge.

GARDNER, Chief Judge.

This matter is before us on petition to review an order of the Federal Trade Commission requiring petitioner to cease and desist from certain unfair and deceptive acts and practices in commerce in violation of the Federal Trade Commission Act as amended. 15 U.S.C.A. § 41 et seq. The order was issued after hearing on a complaint charging that the petitioner had, in the course of its interstate business of selling accident and health insurance, falsely advertised its insurance policies and thereby violated the Federal Trade Commission Act. Petitioner answered admitting the use of the advertisements alleged but denied that its advertising was false or misleading or that it had violated the act. It also affirmatively alleged that prior to the issuance of the complaint members of the Commission's staff had reviewed its advertising and found it unobjectionable. On the issues thus joined a hearing was had before an examiner who, after said hearing, in due course entered an initial decision which in effect held that petitioner's advertising representations had been unfair, misleading and deceptive in certain respects, but that the acts and practices complained of had been discontinued and there was no reasonable likelihood that they would be resumed, and on that ground entered a provisional order dismissing the complaint without prejudice. From that part of the provisional order dismissing the complaint counsel supporting the complaint appealed to the Commission. No appeal was taken by petitioner from that part of the provisional order determining that it had violated the act by its deceiving and unfair advertising practices, and in its answering brief before the Commission it declared that:

"Respondent has not insisted upon its denials of jurisdiction or of violation * * *. It has filed no appeal from the Examiner's findings of jurisdiction or of violation; and if further assurance is needed, it is now prepared to concede it has violated the law and that the Commission has jurisdiction."

The examiner found the advertising of petitioner violative of the provisions of the Federal Trade Commission Act in the following particulars:

1. That it misrepresented the amounts paid as benefits for surgical operations;

2. That it misrepresented the extent of coverage for death resulting from travel accidents; and

3. That it misrepresented that, except for specific stated limitations, the policies provided indemnification for losses or expenses resulting from any or all sicknesses or accidents.

These specific findings were approved and adopted by the Commission and in addition it found that petitioner had misrepresented that its policies might be kept in force continuously at the option of the insured. The Commission found all representations charged in the complaint to have been false and misleading and also found, contrary to the finding of the trial examiner, that the deceptive practices had not been discontinued. It thereupon entered its order requiring

petitioner to cease and desist from representing, directly or by implication:

"1. That any such policy may be continued in effect by the insured upon payment of stipulated premiums, indefinitely or for any stated time, unless full disclosure of any other provision or condition of termination contained in the policy is made conspicuously, prominently, and in sufficiently close conjunction with the representation as will fully relieve it of all capacity to deceive.

"2. That said policy provides for payment in full or in any specified amount or for payment up to any specified amount for any medical, surgical or hospital service, unless the policy provides that the actual cost to the insured for that service will be paid in all cases up to the amount represented, or unless full disclosure of the schedule of payments for which the policy provides is made conspicuously, prominently and in sufficiently close conjunction with said representation as will fully relieve it of all capacity to deceive.

"3. That said policy provides for indemnification against losses due to sickness or accident, unless a statement of all the conditions, exceptions, restrictions and limitations affecting the indemnifications actually provided are set forth conspicuously, prominently, and in sufficiently close conjunction with said representations as will fully relieve it of all capacity to deceive.

"4. That said policy provides for a stipulated sum to be paid upon the accidental death of the insured unless full disclosure of the conditions, exceptions, restrictions and limitations affecting the indemnification actually provided is set forth conspicuously, prominently, and in sufficiently close conjunction with the representation as will fully relieve it of all capacity to deceive."

Petitioner is an insurance company organized under the laws of the State of Missouri but it does an extensive business in states other than that of Missouri and conducts what is referred to in the record as a mail order insurance business in states other than Missouri. In its mail order insurance business it contacts its prospective customers by sending advertising material to them by mail and by broadcasting its advertising material over the radio. The advertising matter here in question pertains to its hospitalization and surgical policy called the "Provider" or "New Provider" policy which provides indemnity for loss of life by accidental bodily injury, for hospitalization and surgery due to sickness or accident and, through the use of various riders, can be modified or enlarged to cover a variety of contingencies. The names of prospective customers were received by petitioner from its existing policyholders and from radio advertising over various radio stations. It was the practice of petitioner upon receipt of the name of a prospective customer to send a form letter, which was always accompanied by a brochure describing the policy, two application forms and a return envelope. At times other advertising materials describing benefits or containing favorable comments from policyholders were enclosed with these letters. If favorable replies were not received from the first letter within about ten days a second letter of similar import was sent out and this practice was repeated from time to time. The practice contemplated that the customer would send an application and initial premium payment by mail. No medical examination was required. The statements contained in the applications were relied upon by petitioner. There was no material conflict in the evidence.

In its petition to review the decision of the Commission petitioner in effect charges error in the decision of the Commission in the following respects: (1) The Commission erred in refusing to consider its own trade practice rules and in excluding evidence of petitioner's compliance with the trade practice rules, and (2) The Commission erred in striking

the examiner's findings that the practices complained of had been abandoned.

It is argued by petitioner that the so-called trade practice rules had the force and effect of law and that its advertising material had been examined and approved by certain advisory attorneys of the Commission as not violative of these trade practice rules. Whether they should be so construed would not seem to be here material because petitioner is not charged with a violation of these trade practice rules but is charged with a violation of the Federal Trade Commission Act. Section 45(a) (1) of that Act, so far as here pertinent, reads as follows:

"Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful."

Section 45(a) (6) of the same act provides that:

"The Commission is empowered and directed to prevent persons, partnerships, or corporations * * from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce."

As has been observed the examiner found petitioner guilty of violation of the Federal Trade Commission Act in several particulars, but the examiner in his provisional order found that petitioner had discontinued the practices. Counsel supporting the complaint appealed from that part of the order finding that petitioner had discontinued the unlawful practices. Petitioner, however, did not appeal from that part of the order which found it guilty of such practices but, on the other hand, specifically disclaimed that it was contesting the findings of the examiner in that regard. Having filed no cross-appeal to the Commission it in effect supported the order of the examiner as entered. In Barnsdall Refining Corp. v. Cushman-Wilson Oil Co., 8 Cir., 97 F.2d 481, 485, we announced the rule as follows:

"The successful party, in the absence of a cross-appeal, can not be heard to urge error in the trial of the action."

There was therefore not presented to the Commission the question of the sufficiency of the evidence to sustain the findings of the examiner on the issue of petitioner's unlawful practices. This is made clear in petitioner's answering brief on appeal to the Commission wherein it is declared that:

"Respondent has not insisted upon its denials of jurisdiction or of violation * * * It has filed no appeal from the Examiner's findings of jurisdiction or of violation; and if further assurance is needed, it is now prepared to concede it has violated the law and that the Commission has jurisdiction."

In this state of the record petitioner cannot now be heard to contend that the evidence is insufficient to sustain the findings of the examiner adopted by the Commission. United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54; Unemployment Compensation Comm. v. Aragon, 329 U.S. 143, 67 S.Ct. 245, 251, 91 L.Ed. 136. In United States v. Tucker Truck Lines, supra, the Supreme Court declared inter alia [344 U.S. 33, 73 S.Ct. 69]:

"Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."

The governing rule is stated by the Supreme Court in Unemployment Compensation Comm. v. Aragon, supra, as follows:

"A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the

matter, make its ruling, and state the reasons for its action."

The admission of petitioner at the trial of the issues before the Commission that the examiner's findings of deception were correct certainly warranted the Commission in approving and adopting them.

■■ It is next urged that the Commission erred in finding, contrary to the provisional order of the examiner, that the deceptive practices had not been discontinued. Petitioner has not abandoned its practice of sending through the mail its form letters and application forms. These were held to contain deceptive representations. The brochure was omitted from the letters and a miniature policy form was enclosed. The miniature policy was of necessity in small print and of very considerable length. The letters and other enclosures were much more easily read and it cannot be said that the miniature policy enclosed was read and relied upon, rather than the letters and enclosures. Apparently petitioner was not satisfied to rely solely upon the statements made in the policy as its advertising material; otherwise it would not have continued to enclose the form letters. It being established that the form letters were deceptive, there is no certainty that they would not be relied upon by the recipients. It is significant too that the form letters made no reference to the fact that a miniature copy of the policy was enclosed. The fact that there was no evidence that anyone had in fact been deceived in relying on petitioner's advertisements was not conclusive. The test was whether such advertisements were likely to deceive. Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 150 A.L.R. 1056. These deceptive form letters and applications might not have deceived shrewd, experienced businessmen but they were sent indiscriminately to names secured by petitioner from its policyholders, or by radio advertising. These doubtless included, or might have included from time to time, all classes and conditions, educated or uneducated, and the recipients were warranted in relying upon the statements contained in these letters and we cannot presume they suspected the honesty of those with whom they transacted business. Federal Trade Commission v. Standard Education Society, 302 U.S. 112, 58 S.Ct. 113, 115, 82 L.Ed. 141; United States v. Sylvanus, 7 Cir., 192 F.2d 96. In Federal Trade Commission v. Standard Education Society, supra, the Supreme Court said:

"Laws are made to protect the trusting as well as the suspicious."

And in United States v. Sylvanus, supra, the court said [192 F.2d 105]:

"Under repeated decisions, the purchaser is entitled to rely upon the representations made. He need not distrust what is told him. * * It goes without saying almost that it is extremely difficult for a layman to understand the terms and conditions of such policies as these, but whether the applicants did or did not read and understand the policies is beside the point."

In Dorfman v. Federal Trade Commission, 8 Cir., 144 F.2d 737, 739, it was contended that the order to cease and desist entered by the Commission was too broad in that it required orders of purchasers to be clear and understandable, both as to quantity of merchandise purchased and the price to be paid. Answering this contention we said, inter alia:

"If to accomplish this purpose a blank order form is used which is not clear without an extension of the totals, then such extension is required. It is within the power of the Commission to require the preparation of orders for interstate sales which shall be clear not only to experts but which may also readily be understood by *that vast multitude which includes the ignorant, the unthinking and the credulous.'* Florence Mfg. Co. v. J. C. Dowd & Co., 2 Cir., 178 F. 73, 75." (Italics supplied)

These form letters in many particulars contained direct appeals to their re-

cipients. For instance, the recipient was exhorted to "mail your application right now"; "Mail your application Now"; "apply now * * * Fill out and sign the enclosed enrollment form today"; "mail the enclosed application right now * * * mail your application today"; and "Send in your application right now". As hereinbefore noted, these letters contained no reference to the enclosed miniature policy nor any suggestion that the provisions of the policy be read. We are of the view that the evidence warranted the finding and conclusion that petitioner had not discontinued its unfair and deceptive practices.

█ It is argued by petitioner that its course of conduct persuasively indicates that it has at all times been cooperative in its attempt to comply with and follow any directions or commands of the Commission and that the filing of the complaint was unnecessary and without warrant. Under the law it was the duty of the Commission to prevent the use of unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce, and the only method provided by law for enforcement is by the issuance of an appropriate order to cease and desist. We cannot say that there was an abuse of discretion in following the procedure specifically authorized by law.

We have considered all the other contentions urged by the petitioner but think they are not pertinent to the controlling issues and hence without merit. The cease and desist order appealed from is therefore affirmed and a decree of enforcement will be entered.

JOHNSEN, Circuit Judge (dissenting).

The Federal Trade Commission promulgated "Trade Practice Rules Relating to the Advertising and Sales Promotion of Mail Order Insurance", 15 Fed. Reg. 955. It invited members of the industry to become signatories to those Rules, in indication of any such member's desire to secure cooperative achievement, both in its own business and in the field generally, of the purposes of the Act. It set up a Rules Administration Division, in facilitation of this endeavor, to enable any signatory, among other things, to submit its forms of advertising and solicitation for scrutiny and suggestion, with either expression or implication of sanction or approval, as being in conformity with the standards of the Rules and so presumptively nonviolative of the Act. It allowed the Staff of its Rules Division to exercise the functions of advisorily engaging in such sanctions and approvals of forms of advertising and solicitation thus submitted. Then, in petitioner's case, it stepped in—without revocation of the Rules, without notice of repudiation of its Staff's actions, and without request on petitioner to cease further use of such materials—filed a complaint requiring petitioner to show cause why a cease and desist order should not be entered against it, and on hearing, with no challenge as to the good faith of the seeking or granting of such approval, entered a cease and desist order against petitioner, as a violator of the Act, in having made use of some of such Staff-sanctioned advertising and solicitation forms.

Beyond this, it preliminarily ruled as to the hearing had that evidence as to the facts referred to in the preceding paragraph could be "in no way relevant or material to any issue in the proceeding", so that petitioner was precluded from having such evidence considered, either on the merits of the question of deceptiveness in practical aspect, or as an element on the need for a cease and desist order in the circumstances of the particular situation.

It seems to me that this constituted fundamental lack of fair play in administration and processive arbitrariness in hearing. I do not believe that a use of advertising or solicitation forms, approved by the Commission's Staff, under trade practice rules promulgated by the Commission and under sanctioning procedures authorized by it in relation thereto, can constitute such "deceptive acts or practice" as the Act contemplates should

be made the subject of a cease and desist proceeding, and on which the Commission may presume to speak—until after there has been a removal of its administrative insulation.

That administrative insulation has, of course, now been removed in the present situation by the indications made in the rulings and results of this proceeding. But in effecting the deinsulation, the Commission should not, within the purpose and spirit of the statute, be allowed to pillory petitioner as a law violator, in the fists of its competitors and in the eyes of the public, for what was done, not as petitioner's act alone, but as an act of purported administrative insulation.

I would remand the case to the Commission, with leave to hold open the complaint, until it is seen whether further use is made by petitioner of the deinsulated material, and on that basis to enter a cease-and-desist or dismissal order.