**AUTOMOBILE OWNERS SAFETY IN-
SURANCE COMPANY, Petitioner,**

v.

**FEDERAL TRADE COMMISSION,
Respondent.**

**No. 15830.**

United States Court of Appeals
Eighth Circuit.

May 16, 1958.

Rehearing Denied June 13, 1958.

A. Alvis Layne, Jr., Washington, D. C. (T. S. L. Perlman, Washington, D. C., and Maurice E. Benson, Kansas City, Mo., were with him on the brief), for petitioner.

E. K. Elkins, Atty., Federal Trade Commission, Washington, D. C. (Earl W. Kintner, Gen. Counsel, James E. Corkey, Asst. Gen. Counsel and Edwin S. Rockefeller, Atty., Federal Trade Commission, Washington, D. C., were on the brief) for respondent.

Before GARDNER, Chief Judge, JOHNSEN, Circuit Judge, and DUNCAN, District Judge.

GARDNER, Chief Judge.

This is a companion case to American Life and Accident Insurance Company v. Federal Trade Commission, 8 Cir., 255 F.2d 289, in which we have already determined the issues. As in American Life and Accident Insurance Company v. Federal Trade Commission, supra, this proceeding was instituted by the Federal Trade Commission under Section 5 of the Federal Trade Commission Act, 15 U.S. C.A. Section 41 et seq., charging that petitioner had been using unfair and deceptive acts or practices in interstate commerce and seeking an order directing petitioner to cease and desist therefrom. The charge was based on petitioner's use of certain allegedly misleading and deceptive representations in the advertising for sale of two policies of sickness and accident insurance.

Petitioner by its answer put in issue all the material allegations of the complaint. A hearing on the issues joined by the pleadings was had before a trial examiner who made findings sustaining the allegations of the complaint as to the deceptiveness of petitioner's advertising representations but found that the acts and practices complained of had been discontinued, and that it was reasonable to assume they would not be resumed, and he therefore entered a provisional order dismissing the complaint. Counsel supporting the complaint appealed to the Commission from that part of the provisional order dismissing the complaint. Petitioner did not appeal from the initial decision finding the acts and practices complained of unfair, misleading and deceptive. On the hearing before the Commission petitioner specifically declared:

"Respondent has not insisted upon its denials of jurisdiction or of violation. It has filed no appeal from the Examiner's findings of jurisdiction or of violation; and if further assurance is needed, it is now prepared to concede it has violated the law and that the Commission has jurisdiction."

The Commission approved the findings of the trial examiner finding that petitioner had engaged in deceptive advertising acts and practices as alleged in the complaint, and specifically found that its representations as to indemnification provided by its policies were false, misleading and deceptive. The Commission, however, refused to adopt the examiner's finding that the unfair and deceptive practices complained of had been discontinued and that there was no reasonable ground for believing they would be resumed in the future. The Commission thereupon entered the order to cease and desist which is now before us for review.

Petitioner seeks reversal of the decision of the Commission and seeks to set aside its cease and desist order on the following grounds: (1) The Commission erred in refusing to consider its own trade practice rules and in refusing to produce or admit evidence of petitioner's compliance with the trade practice rules, (2) the Commission erred in setting aside the examiner's finding that there is no reasonable likelihood of petitioner's resuming use of its abandoned advertising, and (3) the Commission erred in finding the advertising misleading and deceptive.

As to ground number one, it need only be said that this contention cannot be sustained for the reasons set out in our opinion in the companion case, American Life and Accident Insurance Company v. Federal Trade Commission, supra. It cannot be consistently urged that there was any prejudicial error in rejecting certain proffered testimony going to the question that the petitioner, before using its advertising material, had consulted certain lawyers of the Commission's staff. The charge was not that the trade practice rules had been violated, but that certain provisions of the Federal Trade Commission Act had been violated. Having admitted the violation of this Act, as found by the examiner, the so-called excluded evidence could have no real bearing on the issues involved in the case.

In our view the only substantial question is whether or not the Commission erred in refusing to dismiss the complaint on the ground that the unlawful, misleading and deceptive practices had not only been abandoned but that there was no reasonable likelihood of their being resumed. It is argued that the Commission found that the unlawful practices which had been established by the evidence and admission of the petitioner, had in fact been abandoned some three months prior to the institution of the present proceeding. We think this is not quite true. In discussing this question the Commission among other things found:

"Respondent stopped using the particular policy forms here involved in the very shadow of Commission action and after the Commission had instituted a general investigation of advertising practices in the accident and health insurance industry. There has been no showing of any discontinuance of the type of insurance coverage contained in such policy forms. Considering all the circumstances, we must conclude that there is little in this record to suggest that the unlawful practices have been finally and definitely discontinued. Conversely, there is no assurance that practices which have not been surely stopped will not be resumed in the future."

This court has held that even where the unlawful practice has been abandoned the Commission is not obligated to assume that such practices will not be resumed. Chamber of Commerce of Minneapolis v. Federal Trade Commission, 8 Cir., 13 F.2d 673; Arkansas Wholesale Grocers' Association v. Federal Trade Commission, 8 Cir., 18 F.2d 866; Federal Trade Commission v. Wallace, 8 Cir., 75 F.2d 733. In Chamber of Commerce of Minneapolis v. Federal Trade Commission, supra, there had been an abandonment of the deceptive practices some years before the complaint had been filed with the Commission. The court nevertheless sustained a cease and desist order in its substantial parts and in doing so said [13 F.2d 686]:

"It is contended that the objectionable publications ceased four years before the complaint issued and there is no intention to renew them, therefore, there was no basis for the order as to such. It may be that the immediate inciting cause for the publications has vanished or is inactive. However, this is not of itself sufficient to vacate that part of the order although it might be reason for refusing, without prejudice, an application for the enforcement thereof at this time."

In Arkansas Wholesale Grocers' Association v. Federal Trade Commission, supra, this court again had occasion to consider the argument that a cease and desist order entered by the Commission should not be enforced because the inhibited practices had been discontinued and in the course of the opinion said [18 F.2d 871]:

"It is urged that many or all of the practices which formed the basis of the findings and order of the commission had taken place and had been discontinued some time prior to the filing of the complaint. This, if true, would not affect the jurisdiction of the commission nor the propriety of the order made, since the commission is not obliged to assume that such practices will not be resumed."

In Federal Trade Commission v. Wallace, supra, we reaffirmed the doctrine of our prior decisions as to the insufficiency of an alleged abandonment of the unlawful practice as a bar to the entry of a cease and desist order. It is there said [75 F.2d 738]:

"Abandonment will not be presumed and, even though pleaded and presently effective, is no bar to the entry of an enforcement order. A bill not specifically denied is a basis for a decree limited to future acts. There is no guaranty that the acts complained of will not be renewed if the relief prayed is denied. Arkansas Wholesale Grocers' Association v. Federal Trade Commission, supra; Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587; Local 167, International Brotherhood of Teamsters, etc., v. United States, 291 U.S. 293, 299, 54 S.Ct. 396, 78 L.Ed. 804."

In the instant case, as in American Life and Accident Insurance Company v. Federal Trade Commission, supra, petitioner admitted the correctness of the findings of the examiner as to the violations alleged, and it did not appeal to the Commission from those findings. The petitioner ceased the practices only after the Commission had instituted a general investigation of the advertising practices in the accident and health insurance industry. On the whole record the Commission was not satisfied that the unlawful practices had been finally and definitely discontinued and would not be resumed in the future. The Commission is a fact-finding agency and we cannot say that this was not a permissible conclusion based upon all the facts, the surrounding circumstances and the inferences that might reasonably be drawn therefrom.

Notwithstanding the fact that petitioner did not file a cross-appeal, presenting to the Commission the question of the sufficiency of the evidence to sustain the examiner's findings that it had committed the misleading and deceptive practices alleged in the complaint, and notwithstanding the fact that during the hearing before the Commission it specifically admitted that it had violated the law in the particulars found by the examiner, it now contends that the Commission erred in finding its advertising misleading and deceptive. We think the petitioner, in view of this record, cannot now be heard to urge this alleged error.

We have considered all the other contentions of petitioner and are of the view that they are without merit. The cease and desist order is affirmed and a decree of enforcement will be entered in due course.

JOHNSEN, Circuit Judge, dissents, for the reasons stated by him in the companion case hereto, No. 15,828, American Life & Accident Insurance Co. v. Federal Trade Commission.