UNITED STATES of America, Plaintiff,

v.

VITASAFE CORPORATION, Defendant.

United States District Court
S. D. New York.
Dec. 13, 1962.

———◆———

Robert M. Morgenthau, U. S. Atty., New York City, for the United States. David R. Hyde, Asst. U. S. Atty., Frank M. Whiting, Atty., Federal Trade Commission, of counsel.

Bass & Friend, New York City, for defendant. Milton A. Bass, New York City, of counsel.

PALMIERI, District Judge.

This is a motion by the Government to strike six affirmative defenses. Defendant is engaged in the manufacture and sale of vitamin and drug products. In 1957 the Federal Trade Commission entered a cease and desist order, on defendant's consent, whereby defendant was prohibited from making certain specified representations and engaging in certain practices in the sale of vitamins and other articles of merchandise. The present action is brought to recover civil penalties pursuant to 15 U.S.C. § 45(l) for violations of the cease and desist order. The violations consist of ten separate instances since the beginning of 1958, on which defendant allegedly refused to accept valid cancellation orders, shipped additional merchandise to its customers, and then attempted to collect the purchase price for the additional shipments.

In addition to a denial that it has violated the order, defendant has pleaded six affirmative defenses. The first three seek to avoid liability by the claim that the violations were not intentional, but were the result of clerical errors made in good faith in processing the voluminous correspondence carried on by defendant. In addition, defendant's first defense seeks to plead acceptance of a compliance report by the Federal Trade Commission in September of 1957 as a bar to the action. The fourth defense alleges that the claimed acts of defendant do not constitute an unfair method of competition, as those terms are employed in Section 5 of the Federal Trade Commission Act; [1] the fifth, that the consent order is not a final order within the meaning of Section 5(g) of the Act [2] for purposes of the penalty action; and the sixth, that applicability of these penalties to violations of a consent order constitutes an unconstitutional delegation of legislative power.

■ All the defenses should be stricken. The way in which defendant carries on its operations, and its claimed good faith, have no bearing on the question of whether it has violated the order. See United States v. Home Diathermy Co., 1960 CCH Trade Cas. ¶ 69,601 (S.D. N.Y.1959). Defendant may urge its lack of intent to violate the order in mitigation of the penalty. It cannot do so, however, as a defense to liability.

■ The compliance report relied on by defendant is evidence by which it seeks to sustain its claim that it has not violated the order.[3] The pleading of such evidence as an affirmative defense is unnecessary and improper.

■■ Defendant no longer can raise the issue that its acts do not violate Section 5. The time for defendant to have alleged such a defense was in the proceeding before the Commission. Defendant cannot agree to a consent order, wait until the Commission stands ready to prove violations allegedly committed by it, and then urge that violations of the order are not violations of the Act. If defendant can now raise this substantive question, defendant's waiver of "any right to challenge or contest the validity of the order entered in accordance with the agreement" [4] is meaningless. See United States Bio-Genics Corp. v. Christenberry, 173 F.Supp. 645 (S.D.N.Y. 1959), aff'd, 278 F.2d 561 (2d Cir., 1960).

■ For similar reasons, the claim that the order is not a final order for enforcement purposes is without merit. Defendant agreed that "the order shall have the same force and effect as if entered after a full hearing." [5] Moreover,

1. 15 U.S.C. § 45(a) (1).

2. 15 U.S.C. § 45(g).

3. See, in this connection, Vanity Fair Paper Mills, Inc. v. FTC, 311 F.2d 480 (2d Cir., 1962).

4. Initial Decision, In the Matter of Vitasafe Corp., No. 6736, FTC, 1957.

5. See note 4, supra.

enforcement procedure would be frustrated if the Commission were powerless to enforce its order by monetary penalties merely because its order was on consent.

Finally, defendant's argument as to the constitutionality of the delegation of legislative power was long ago held to be invalid. See National Candy Co. v. Federal Trade Commission, 104 F.2d 999 (7th Cir. 1939); Ostler Candy Co. v. Federal Trade Commission, 106 F.2d 962 (10th Cir. 1939), cert. denied, 309 U.S. 675, 60 S.Ct. 713, 84 L.Ed. 1020 (1940).

The Government is directed to submit an appropriate order in accordance with this decision.