UNITED STATES of America,
Plaintiff,

v.

BEATRICE FOODS COMPANY,
Defendant.

No. 4–70 Civ. 459.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 26, 1972.

———◆———

Robert G. Renner, U. S. Atty., by Neal J. Shapiro, Asst. U. S. Atty., together with Joseph J. Gercke, Federal Trade Commission, Washington, D. C., for plaintiff.

Winston, Strawn, Smith & Patterson, by Ronald Butler, Chicago, Ill., for defendant.

ORDER FOR CIVIL PENALTIES
AND DIVESTITURE

NEVILLE, District Judge.

This case has been before the court twice before. See United States v. Beatrice Foods Co., 52 F.R.D. 14 (D.Minn. 1971). A detailed statement of the facts can be found in a later order of this court reported in United States v. Beatrice Foods Co., 334 F.Supp. 104 (D.Minn.1972). There defendant was found guilty of violating a cease and desist and divestiture order of the Federal Trade Commission. Thereafter the court held a hearing on the question of penalties to be imposed.

Robert G. Renner, United States Attorney, by Neal J. Shapiro, Esq., Assistant United States Attorney, together with Joseph J. Gercke, Esq., Federal Trade Commission, appeared for the plaintiff; Winston, Strawn, Smith &

Patterson, Chicago, Illinois, by Ronald Butler, Esq., appeared for the defendant.

Defendant has requested an evidentiary hearing on the issue of penalties to be imposed to the end that it might have an opportunity to present evidence of its alleged good faith in taking the actions it did and which this court held to be violative of the Trade Commission order. This court has read the exhaustive briefs filed by both parties, is familiar with and has read portions of various depositions and does not believe that an evidentiary hearing is necessary or required or would be of any help to the court. In its order of June 15, 1972 the court ruled that under the circumstances of this case any claimed misunderstanding or misinterpretation of the meaning of language contained in the Trade Commission Order (which in its final form is the exact counterpart of an order of the Court of Appeals for the Ninth Circuit) could not be shown or asserted as a defense to its violation. The court did rule however it could consider evidence of defendant's claimed good faith on the issue of penalties to be imposed to weigh such against the government's contention of a wilful and deliberate violation of the Order. The court has given consideration thereto.

The statutes involved, 15 U.S.C. § 21(*l*) and § 45(*l*) are much the same and read as follows:

15 U.S.C. § 21(*l*)

"Any person who violates any order issued by the commission or board under subsection (b) of this section after such order has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $5,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the United States. Each separate violation of any such order shall be a separate offense, except that in the case of a violation through continuing failure or neglect to obey a final order of the commission or board each day of continuance of such failure or ne- glect shall be deemed a separate offense."

15 U.S.C. § 45(*l*)

"Any person, partnership, or corporation who violates an order of the Commission to cease and desist after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $5,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the United States. Each separate violation of such an order shall be a separate offense, except that in the case of a violation through continuing failure or neglect to obey a final order of the Commission each day of continuance of such failure or neglect shall be deemed a separate offense."

As to the Count I violation, illegal acquisition of an interest in Maple Island Dairy, the government prays $5,000 a day penalty from September 1, 1968 through the date of filing the complaint herein, October 23, 1970, a total of $3,910,000. As to Count II, failure timely to divest Valley Gold Dairy Co. stock, the government requests similar daily penalties from September 12, 1969 through January 3, 1970, a total of $565,000. The complaint alleges and there has been no denial thereof that defendant is "one of the largest manufacturers, processors and distributors of dairy products in the United States" and that its consolidated revenues for the fiscal year ending February 28, 1969 were in excess of One Billion, Three Million dollars. It is further alleged, though not completely substantiated, that by the acquisition of Maple Island Dairy it acquired an annual sales volume in excess of $1,000,000. The government argues that to impose but a nominal penalty would merely constitute a license fee for defendant's transgressions, contrary to Congressional intent that the penalties be sufficient to serve as a deterrent to further and other violations of the orders of the Federal Trade Commission. As to the failure to divest

charge, the court is willing to assume the applicability of the shorter period from November 15, 1969 to January 3, 1970, a total of some 49 days as the period during which defendant was in violation of the Trade Commission Order. The court has some sympathy as a business proposition with defendant's difficulty in finding a ready market for a minority stock interest in a closed corporation, particularly where the principal stockholder of the corporation became deceased. The court also recognizes defendant did divest itself of its other properties as required and eventually of the Valley Gold stock, though some 49 days too late and beyond the last extension of time.

■ The government's requests seem to the court to be excessive. The court is of the belief, particularly in view of the divestiture herein required, that a penalty of $156,400 or $200 per day for the violation as alleged in Count I of the complaint and $9,800, at the same daily rate, for the violation asserted in Count II of the complaint is appropriate, nonconfiscatory and yet sufficient to command defendant's respect and attention and something substantially more than a mere license fee. The court cannot find defendant exculpated by its claimed good faith and believes the above penalties are warranted in the premises.

■ The government further requests that this court enter a divestiture order to undo the results of the violation defendant committed by acquiring illegally an interest in Maple Island Dairy. The complaint herein was filed over two years ago and defendant meantime has continued to enjoy the acquired sales volume and such other benefits of the illegal acquisition as there might be.

The court believes it has the power and authority to enter such an order under its general equity powers. There are a number of cases, though not directly involving the same facts as in the case at bar, which augur for such a holding. See Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.

Ed. 1332 (1946); Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 80 S. Ct. 332, 4 L.Ed.2d 323 (1960); Shafer v. United States, 229 F.2d 124, 128 (4th Cir. 1956); United States v. Schine, 260 F.2d 552 (2d Cir. 1959); United States v. H. M. Prince Textiles, Inc., 262 F. Supp. 383, 389 (S.D.N.Y.1966); *contra* Herbold Laboratory, Inc. v. United States, 413 F.2d 342 (9th Cir. 1969) (dicta). The statute above quoted and here applicable, though making no mention thereof, does not attempt to limit the exercise of the court's general equitable powers and if the court fails to grant equitable relief the illegal violation will continue unabated and the Federal Trade Commission's injunctive cease and desist order will be thwarted and become unenforceable, since the Federal Trade Commission in an instance such as here has no enforcement powers *per se* except through the courts. Congress could not have so intended.

An affidavit submitted by defendant states that after September 1, 1968 Maple Island Dairy terminated supplying dairy products to 26 locations in its so-called northern division. Defendant's subsidiary commenced supplying 19, but the other 7 outlets were closed. Of the original 19, 7 have switched to a competitor. Eight of the remaining 12 are independent distributors. Sales volume from the entire acquisition, which of course is not equivalent in any sense to profit, has dropped to under one-half million per year on the average. Under these circumstances, a divestiture would not seem to wreak irreparable havoc on defendant and its subsidiaries, and equitable considerations call for such relief.

On the basis of the above and on all of the files, records and proceedings herein,

It is ordered that the clerk of court shall enter judgment for civil penalties in favor of plaintiff and against defendant in the amount of $166,200, to be satisfied and paid within 60 days from date of this order by payment through the office of the clerk of this court to the Treasury of the United States.

It is further ordered that within a period ending not later than September 1, 1973, defendant, its agents and subsidiaries shall divest themselves absolutely and outright in good faith of all rights, titles, interests, assets and facilities including the use thereof, directly or indirectly acquired by defendant or its agents and subsidiaries in the former so-called northern division or area of Maple Island Dairy as the result of, and arising out of, its arrangements, contracts, or agreements or those of defendant's agents and subsidiaries, with Maple Island Dairy or others. The divestiture shall be made with and subject to the approval of this court. A comprehensive plan therefor and containing a description of the means for the doing of such shall be submitted to the court with copy to the Federal Trade Commission within 60 days from date of this order. Any plan for divestiture shall be designed to protect the interests of financially affected third parties, consumers and the public. The court retains jurisdiction on noticed motion to modify this divestiture order in any such way as may be required or warranted in the premises.

Let judgment be entered accordingly.