UNITED STATES of America, Appellee,

v.

Charles R. JOHNSON, Appellant.

No. 75–1959.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1976.

Decided Aug. 31, 1976.

Rehearing and Rehearing En Banc Denied Sept. 21, 1976.

Theodore F. Schwartz, Clayton, Mo., for appellant.

Susan J. Atkinson, Atty., Dept. of Justice, Washington, D. C., for appellee; Thomas E. Kauper, Asst. Atty. Gen., Carl D. Lawson, Atty., Dept. of Justice, Washington, D. C., on brief.

Before HEANEY and HENLEY, Circuit Judges, and SCHATZ, District Judge.[*]

SCHATZ, District Judge.

The United States brought suit pursuant to 15 U.S.C. § 45(*l*) against Charles R. Johnson for civil penalties for twenty violations of a cease and desist order issued by the Federal Trade Commission and for an injunction requiring Johnson to comply with the order. The District Court[1] found that the Federal Trade Commission order was directed against both Technical Education Corporation (T.E.C.) and Johnson who was responsible for the actions of the T.E.C. salesmen, that the order had been violated on twenty occasions, and that providing a copy of the cease and desist order to T.E.C. salesmen was not a defense to the action. Johnson was fined a total of $40,000 and permanently enjoined from violating the terms of the F.T.C. order. Johnson appeals, arguing that he should not be held individually liable for the violations. We affirm the District Court.

Mr. C. R. Johnson was the president and sole stockholder of Technical Education Corporation, a company organized by Johnson to promote and to conduct home study courses in the field of data processing. The Federal Trade Commission consent decree of July 29, 1969, which became effective October 9, 1969, directed T.E.C., its officers, agents and employees, and Johnson, individually and as an officer of the corporation, to cease utilizing specific promotional methods which were found to be unfair methods of competition and unfair and deceptive acts and practices in violation of the Federal Trade Commission Act.

The propriety of including a person both as an individual and as a corporate officer in a cease and desist order has consistently been upheld in instances where the person included was instrumental in formulating, directing and controlling the acts and practices of the corporation. *F. T. C. v. Standard Education Society*, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141 (1937); *Standard Distributors v. F. T. C.*, 211 F.2d 7 (2d Cir. 1954); *Benrus Watch Company v. F. T. C.*, 352 F.2d 313 (8th Cir. 1965).

Johnson did not directly challenge his inclusion in the July 29, 1969, order by appeal and does not urge its impropriety in this action. Nor does he challenge the finding of the lower court that the alleged violations did occur. His position is that he attempted in good faith to assure compliance with the F.T.C. order by informing T.E.C. salesmen of the order, that any subsequent violations of the order by T.E.C. employees can only be attributed to the corporation, and that as a result he should not be held individually responsible for the acts of those who are not his agents.

The Federal Trade Commission in the interests of protecting the public against methods of unfair competition and unfair and deceptive trade practices ordered T.E.C. and Johnson to refrain from engaging in certain practices in advertising and offering for sale home study courses in the electronic data processing field. The

* The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

effect of this order was to impose on Johnson an affirmative duty to assure that T.E.C., the company which he founded, owned and operated, would cease using the promotional practices which the F.T.C. found to be in violation of the law. This duty could not be discharged by Johnson if he simply did nothing. *See In Re Dolcin Corp.*, 101 U.S.App.D.C. 118, 247 F.2d 524 (1956), *cert. denied*, 353 U.S. 988, 77 S.Ct. 1285, 1 L.Ed.2d 1143 (1957).

Johnson argues that by providing each salesman with a copy of the F.T.C. order he acted in good faith to assure compliance with the order. But from the evidence presented in the court below, it clearly appears that this effort was superficial at best. The order was a small part of the sales packet provided to new salesmen when they were hired. Its import appears not to have been emphasized in the process of training new salesmen. While Johnson formulated, directed and controlled the operations of T.E.C., the evidence indicates widespread use of methods of solicitation of prospective customers which were specifically prohibited by the cease and desist order. The philosophy communicated to T.E.C. salesmen was to enroll any person who could "walk and chew gum at the same time." In short, we are not persuaded that Johnson in good faith did everything in his power as the chief executive of T.E.C. to assure compliance with the F.T.C. order.

■ In any case the good faith effort of the person to whom the cease and desist order is addressed to assure compliance with that order is generally not a defense to an action for civil penalties for violation. *See United States v. Beatrice Foods Company*, 344 F.Supp. 104 (Supp.Op. 351 F.Supp. 969) (D.Minn.1972), *aff'd*, 493 F.2d 1259 (8th Cir. 1973), *cert. denied*, 420 U.S. 961, 95 S.Ct. 1350; *United States v. Ancorp National Services, Inc.*, 516 F.2d 198 (2d Cir. 1975), *affirming* 367 F.Supp. 1221 (S.D.N.Y. 1974); *Guziak v. F. T. C.*, 361 F.2d 700 (8th Cir. 1966); *United States v. Vitasafe Corporation*, 212 F.Supp. 397 (S.D.N.Y.1962), and *United States v. H. M. Prince Textiles, Inc.*, 262 F.Supp. 383 (S.D.N.Y.1966). The Federal Trade Commission Act was designed to protect the public from unfair trade practices. Where such practices have occurred, liability for civil penalties arises without a need for any showing that the practices were intentional or malicious. See the cases cited, *supra*.

■ In view of the lower court's uncontroverted and correct determination that the alleged violations of the cease and desist order did occur, the Court properly determined that Johnson's efforts to insure compliance with the order were not a defense to the instant action.

■ The only question remaining is whether liability can be imposed upon Johnson individually for these violations. It is generally true that a principal can be held liable for the actions of his agent if the agent is acting within the scope of his apparent authority. Thus, the Second Circuit in *Standard Distributors v. F. T. C.*, 211 F.2d 7 (2d Cir. 1954), held a corporation responsible for the misrepresentations of its salesmen in violation of the direct instructions of the company, stating:

[The salesmen] were nevertheless the authorized agents of the corporate petitioners . . . to sell the books. The misrepresentations they made were at least within the apparent scope of their authority and part of the inducement by which were made sales that inured to the benefit of the corporate petitioner. Unsuccessful efforts by the principal to prevent such misrepresentations by agents will not put the principal beyond the reach of the Federal Trade Commission Act.

*Id.* at 13. *See also Goodman v. F. T. C.*, 244 F.2d 584 (9th Cir. 1957).

In *Standard Distributors*, the Court, speaking through Judge Learned Hand, went on to extend the responsibility for those misrepresentations to the chief officer of the corporation stating:

We [interpret] [*F. T. C. v. Standard Education Society*] as meaning that [a cease and desist order] may include those officers of a corporation who are in top control of the activities that the Commission

finds to have violated the Act . . ..
It is indeed true that this results in holding such an officer responsible for the conduct of those who are not his agents; and moreover, that it deprives him of the immunity that the incorporation of a venture ordinarily gives to the incorporators. However, we do not see that it is any severer a responsibility than that of a principal for the conduct of its agent within the scope of an "apparent authority" that he may have done his best to circumscribe. . . . [S]ince the principal has selected the agent to act in a venture in which the principal is interested, it is fair, as between him and a third person, to impose upon him the risk that the agent may exceed his instructions . . . .. Much the same argument seems to us to be permissible, when, as here, no agency exists. [The president of the corporation] had the entire control over what the salesmen should do and say, so far as any control was possible at all; and the order imposes no greater burden on him than it would have, if he had been a formal principal; for the salesmen did not exceed their "apparent authority."

*Id.* at 15.

■ This Court finds the reasoning of Judge Hand persuasive in the instant case. Johnson was the organizer, sole stockholder and chief executive of Technical Education Corporation. The evidence indicates that he was responsible for establishing the policy and directing the operations of the company. When he acted, the corporation acted.

Inasmuch as the order of the Federal Trade Commission properly included Johnson individually, and inasmuch as the violations of the order did occur, the District Court properly assessed the appropriate penalties against Mr. Johnson individually.

The judgment is affirmed.